THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NORMAN LITTMAN, Defendant.

City Court of the City of Long Beach, Nassau County, November 3, 1948.

*Morton D. Gottlieb, Corporation Counsel (Leonard Zucker-berg* of counsel), for plaintiff.

*Theodore Ornstein* for defendant.

HANOWER, J.   The defendant was charged with violating the provisions of the parking meter ordinance (ordinance No. 492, adopted April 19, 1948, as amd. by ordinance No. 492-B, adopted June 1, 1948) in that he, the owner and operator of a motor vehicle which occupied a parking space at the north sidewalk curb of East Broadway adjacent to which a parking meter was located, failed to deposit immediately or cause to be deposited in said parking meter sufficient coins, as required by said ordinance, to obtain a lawful parking period.

Upon the trial the defendant did not dispute any of the foregoing facts, but did however challenge the validity of the ordinance in question.

Ordinance No. 492-B by amendment to ordinance No. 492 established " Zone B " wherein the alleged violation occurred. Zone B includes Broadway from Lincoln Boulevard to Lafayette Boulevard, Front Street and adjacent boulevards, and further provided for the insertion of the following words in section 7 of ordinance No. 492: " When any vehicle shall occupy any space adjacent to which a parking meter is located in Zone B as established in Section 3 hereof, the operator shall, upon entering said parking space, immediately deposit or cause to be deposited in such parking meter, one or more five-cent coins of the United States to· obtain a parking period of one hour for each five-cent coin so deposited, not to exceed ten hours, or one or two twenty-five cent coins of the United States to obtain a parking period of five hours for each twenty-five cent coin so deposited, not to exceed ten (10) hours."

The parking meter ordinance was adopted pursuant to the authority contained in section 54 of the Vehicle and Traffic Law. This section generally prohibits the adoption by local authorities of any ordinance or regulation requiring payment of any tax or fee for the use of the public highways except as therein specifically authorized. The last paragraph of this section permits the adoption by local authorities of ordinances limiting or prohibiting parking and for the installation, operation, maintenance and supervision of parking meters and the fixing and requiring of payment of a fee for the privilege of parking where such meters are in operation.

The recognized tests for the determination of the validity of such an ordinance are those of necessity and reasonableness and these criteria will be applied in the determination of the instant prosecution.

It has been said that the primary purpose of parking meters is to aid the public authorities without costly expense entailed in the employment of additional policemen to time the public in its parking; in short, to avoid overtime parking, and thus create a greater movement of traffic.

The court is cognizant, and it is a matter of common knowledge, that automobile traffic near the ocean front in this city, especially on week ends and holidays during the summer months for many years has been congested. Heretofore diagonal parking of automobiles against the curbs along Broadway was practiced. Although Broadway is a wide thoroughfare having two lanes of paved road separated by malls, the area left for automobiles in motion while vehicles were so parked at opposite curbs was very much limited and restricted. The adoption of

the parking meter ordinance caused this condition to be changed so as to eliminate diagonal parking and require parallel parking along Broadway, thereby providing additional roadway for the more expeditious movement of automobiles.

This change, however, could have been effected by the authorities in the exercise of the police power and need not have depended on the adoption of an ordinance for the installation of parking meters. Although the change from diagonal parking to parallel parking has to some extent alleviated congestion, it has not solved the acute summer parking problem. It has merely served to reduce the number of cars which may be parked parallel to the curb in any one block and transferred the excess cars to the residential districts on Penn Street and Beech Street.

It cannot, therefore, be said that the installation of parking meters was justified on the grounds of necessity, for the result sought to be accomplished thereby could well have been obtained by the adoption of simple traffic regulations.

The section of the ordinance under attack permits lawful parking for a period of ten hours. Officer Bergen testified that signs were displayed on Broadway informing the public that the meters were in force twenty-four hours a day.

No support has been found in the cases authorizing a municipality to provide practically all day or all night storage space for automobiles on the public highways.

In *Gilsey Buildings, Inc.*, v. *Village of Great Neck Plaza* (170 Misc. 945, affd. 258 App. Div. 901), Mr. Justice FROESSEL in Supreme Court, Nassau County, upheld the reasonableness of a parking meter ordinance which limited parking to a maximum of one hour. In *Decker* v. *Goddard* (233 App. Div. 139) an ordinance granting a parking privilege for six hours was declared unreasonable and invalid.

I am of the opinion that the establishment of the ten-hour parking period in " Zone B " as provided in the ordinance is not reasonable, regardless of whether the same be authorized by the deposit of coins in a parking meter or otherwise by police regulation.

I am, therefore, constrained to hold that although the parking meter ordinance is a valid exercise of the power delegated by section 54 of the Vehicle and Traffic Law, that portion of the ordinance which permits parking for a period of ten hours in " Zone B " is unnecessary and unreasonable and consequently invalid.

The defendant is found not guilty.