Clarence J. Henry, J.
Four of the petitioners herein are the owners of a parcel of land located on the east side of the West Henrietta Road in the Town of Henrietta, Monroe County, principally used by them in the conduct of a dairy. The fifth petitioner is a contingent lessee of the first four; by lease, dated August 18, 1960, he leased from the owners, for a period of five years, an irregular-shaped northerly portion of their premises (referred to as “Parcel A”) for the purpose of installing a miniature golf course, the lease being dependent upon compliance with all town zoning regulations.
On or about November 25, 1960 (following an informal preliminary hearing on Sept. 14, 1960) the petitioners filed with the Board of Zoning Appeals an application for a special permit. A hearing was thereafter held and on January 11,1961 the board filed in the office of the Town Clerk a decision (dated Dec. 7,1960) denying the application on stated grounds, certain of which are later discussed herein.
The petitioners now seek a review and annulment of the board’s determination under the provisions of article 78 of the Civil Practice Act on the ground that it was arbitrary, capricious, unreasonable and illegal; specifically, that is rested solely upon aesthetic grounds.
The parcel for which the special permit was sought is concededly located in a “ commercial area ”. With respect to such areas, section 50 of article 6 of the zoning ordinance provides for certain commercial uses as of right, and for certain other uses “not specifically enumerated * * * (or) prohibited * * * upon obtaining a special permit from the Zoning *512 Board of Appeals * * * in accordance with the standards and safeguards set forth in Article Nine” of the ordinance (subd. b-10). The use in question is within the latter provision. The application was titled to the end of obtaining a special permit and, although the opening comment of an attorney for the petitioners at the hearing contained mention of request for a “ variance ” (apparently an inadvertence), and the opposing memoranda submitted herein have been rather" extensively concerned with variance, it is clear that no question of variance and undue hardship is involved (Long Is. Lighting Co. v. Griffin, 272 App. Div 551). Lack of proof of hardship was cited by the board herein in its findings of fact, and doubtless gave rise to this aspect of the controversy but the finding was unnecessary and immaterial.
Viewing the petition, then, solely as one seeking a special permit, the questions to be determined are (1) whether the Zoning Board of Appeals acted within the reasonable limitations of the so-called standards and safeguards established by the Town Board in article 9 (§ 91) of the zoning ordinance, and (2) whether any ground of its determination was within the proper exercise of discretion.
Applicable on such a review are the following rules: (1) that the decision of the board was presumptively correct (Matter of Gerling v. Board of Zoning Appeals of Town of Clay, 11 Misc 2d 84); (2) that the burden of showing an abuse of discretion rests upon the petitioners (Rodgers v. Village of Tarrytown, 302 N. Y. 115); and (3) that if a fair choice on the part of the board existed (see Matter of Taub v. Pirnie, 3 N Y 2d 188), the court cannot substitute its choice, or judgment, for that of the board (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508).
Two of the determinations of the board herein were as follows:
“ 1. The proposed use may tend to create hazards and dangers to the public by reason of additional traffic congestion, automobile parking and potential pedestrian traffic.
* # #
“ 3. That the proposed use * * * might tend to create additional hazards involving young people and children who might tend to frequent or use the premises due to its location on a heavily trafficked main thoroughfare.”
The conditions described in both determinations were fairly among those the board was particularly directed to consider in subdivision 6 of section 91, which provides: ‘ ‘ Whether the proposed use will create hazards, or dangers to the public, or to *513 persons in the vicinity, from * * * traffic, traffic congestion, crowds, parking of automobiles, or other causes.”
The question remains as to whether the board found reasonable, discretionary, grounds to support the determinations. It is concluded that such were present. In the findings of fact (No. 5) the West Henrietta Eoad, on which the leased premises were located, is defined as a heavily-travelled four-lane highway. Some proof of its character was presented at the hearing. In addition, the board was empowered to act on its own knowledge (§ 91, preamble). It ought, of course, if it does so, disclose the facts in its return (Matter of Forrest v. Evershed, 7 N Y 2d 256), but the absence of such disclosure is not deemed fatal to the determinations herein. The court can, and does, judically notice that this highway is the principal artery leading to an exit of the New York State Thruway and as such is prima facie subject to considerable motorized traffic (see Matter of Fucigna v. O’Connor, 14 Misc 2d 698; People v. Littman, 193 Misc. 40). There is no sidewalls; along the highway, which immediately presents itself as a particularly hazardous situation, for it is not an unreasonable inference that many patrons of the petitioners’ attraction would seek to approach it on foot along the highway from residences or other establishments within walking distance or from nearby parked automobiles. Appreciable numbers of patrons, many of them children — between 200 and 400 per day — are within expectation, many after dark for the record reveals plans for an elaborate lighting system, and the contemplated hours of operation are from noon until midnight. While some of the above facts derived from the testimony of a golf course salesman and were principally pertinent to a similar operation in Syracuse, and the board was recognizably concerned primarily with its own different area, the witness was called on behalf of the petitioners, his statements may be regarded as at least quasi-expert, in the somewhat limited field of miniature golf courses, and, being before the board, they were properly matters of consideration. A large measure of the proof submitted on behalf of the petitioners was devoted to the end of establishing the existence of adequate parking facilities within the petitioners’ grounds, from which, it was claimed, traffic hazards would be substantially reduced. While this might absorb much of the problem insofar as parking itself is concerned, there still remained for the consideration of the board, the matter of ingress and egress from and upon a highway thickly populated with motor traffic with, it seems apparent from the number of expected patrons, the incidence of frequently repeated menace.
*514 For the above reasons, it is concluded that the determination of the Zoning Board of Appeals was supported by findings properly arrived at, rested upon a proper exercise of discretion, was not, therefore, arbitrary, capricious or discriminatory, and should not be replaced by a determination of this court.