■ MILDRED PELHAM, as Administratrix of the Estate of EARL C. PELHAM, Deceased, Respondent, v. COUNTY OF ONONDAGA, Appellant.— Judgment unanimously affirmed, with costs. (Appeal from judgment of Onondaga Trial Term for plaintiff in an action for damages for the death of plaintiff's intestate and for conscious pain and suffering, alleged to have resulted from injuries sustained by said intestate while in the custody of defendant.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ In the Matter of WEBACO OIL CO., INC., et al., Appellants, v. CARLTON L. CRANE et al., Constituting the Zoning Board of Appeals of The Town of Webster, et al., Respondents.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Monroe Special Term affirming the decision of the Zoning Board of Appeals and dismissing the proceeding.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ In the Matter of CASPER O. MEISENZAHL et al., Appellants, v. FRANK McAVOY et al., Constituting the Board of Zoning Appeals of the Town of Henrietta, Respondents.— Order unanimously affirmed, without costs of this appeal to any party. (Appeal from order of Monroe Special Term denying a motion to annul the determination of the Zoning Board of Appeals.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ. [31 Misc 2d 511.]

■ LORETTA BARBETTA, an Infant, by ANTHONY BARBETTA, Her Guardian ad Litem, Appellant, v. PALMA COSTA, Respondent.—

■ Memorandum: The finding of defendant's freedom from negligence implicit in the verdict of the jury is against the weight of the evidence. In reversing we direct attention on our initiative to the answer served herein. The complaint contains the usual allegations that defendant owned a motor vehicle; that on a stated day the injured plaintiff was a passenger therein, and was injured while defendant was operating the automobile. Defendant was called as a witness and readily admitted these facts. In addition it was alleged in the complaint that plaintiff had been appointed guardian ad litem by an order made and entered on a stated date. This fact thus became a matter of public knowledge. The answer, however, in a single sentence denies each and every allegation in the complaint. We condemn the growing practice of serving such an answer whether it is verified or not. It is apparent that defendant knew, at the time the answer was served, that certain of the allegations of the complaint were true. Her representatives or attorneys could have ascertained the true facts with a minimum of effort. The service of an answer, such as the one before us, may be a time-saving device to defendant's attorneys, but it casts an unnecessary burden on the plaintiff and the trial court. An answer should be prepared in accordance with statute and recognized legal principles (Civ. Prac. Act, § 261; 4 Carmody-Wait, New York Practice, pp. 336–337). All concur, except Williams, P. J., and Henry, J., who dissent and vote to affirm, in the following memorandum: In dissenting and voting for affirmance we agree completely with the statements of the majority concerning the form of the answer. (Appeal from judgment of Onondaga Trial Term for defendant for no cause of action, in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ ANTHONY BARBETTA, Appellant, v. PALMA COSTA, Respondent.— Same decision and like cause of action as in companion case of Barbetta v. Costa (15 A D 2d 720).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT CAPPALETTI, Appellant.— Order unanimously affirmed. (Appeal from order