In the Matter of CARL MIDGETT, Respondent, v. WILLIAM SCHERMER-HORN et al., Constituting the Zoning Board of Appeals of the Town of Islip, Appellants.— In a proceeding under article 78 of the CPLR, to review a determination of the Zoning Board of Appeals of the Town of Islip, denying a side-yard setback variance, the Zoning Board appeals from a judgment of the Supreme Court, Suffolk County, entered September 15, 1964, which annulled its determination and directed it to grant the variance. Judgment reversed on the law and facts, without costs, and petition dismissed, without costs. Findings of fact inconsistent herewith are reversed and new findings made as indicated herein. Petitioner is in practical difficulty with his property which lacks 4.1 feet in the side yard setback requirement because of his own error in accepting title with knowledge that a certificate of occupancy had been denied because of that deficiency. The facts that his grantor, the builder, made an error in the building permit application which was overlooked by the Town Building Department, which granted the permit, does not extricate petitioner from his unfortunate plight. To permit him to present the board with a *fait accompli* and, in effect, demand the variance, would be seriously prejudicial to neighboring property owners whose buildings do conform and to the board itself in its efforts to maintain reasonably adequate standards and procedures. *Matter of Badish* v. *O'Regan* (212 N. Y. S. 2d 632) is of no help to petitioner because there Special Term directed the issuance of a variance where a petitioner took title as a result of a misrepresentation to him by the builder at the closing concerning the reason for the absence of a certificate of occupancy; here, petitioner's eyes were open. Additionally, *Badish* has been very cautiously received by at least one text authority who suggests that a builder's error, as the basis for a variance, invites fraud or at least leaves the door open for variances of doubtful quality to enter and mar a community plan (Anderson, Zoning Law and Practice in New York State, § 18.34, pp. 589–590). Ughetta, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents, and votes to affirm the judgment, with the following memorandum: The only way petitioner's house could have been built to conform to the setback provisions of the zoning ordinance was to have the house built with the length extending from east to west instead of from north to south. However, that was not done because the permit to build was issued in error. Under the circumstances, it is my opinion that Special Term correctly held that there was practical difficulty because (1) the builder made an error; (2) the building permit was issued in error; and (3) it is not economically feasible to alter the completed structure to conform with the requirements of the ordinance.