GREGORY BANOS et al., Respondents, *v.* E. PARKER COLBORN et al., Constituting the Zoning Board of Appeals of the Town of DeWitt, Appellants.

Fourth Department, December 3, 1970.

*Bond, Schoeneck & King* (*John S. Ferguson* of counsel), for appellants.

*Alderman, Alderman, Samuels & Schepp (Bernard Samuels, Saul H. Alderman* and *Richard B. Alderman* of counsel), for respondents.

GOLDMAN, P. J. In this article 78 proceeding involving a conditional special permit in a zoning matter, the members of the Zoning Board of Appeals of the Town of DeWitt (Board) appeal from a judgment which sets aside the Board's refusal to modify in certain respects its permit for an apartment house project. Petitioners-respondents, Banos and King George Hotel & Motel, Inc. (Banos) cross-appeal from that part of the judgment which directed them to remove certain air-conditioning units. Respondents have abandoned their cross appeal by requesting in their brief that the judgment " be affirmed in all respects ".

In 1966 Banos applied for a special permit to build and operate a 50-unit garden apartment project, consisting of six apartment houses, in a Residential C use district. Such an apartment house complex was prohibited under the town's zoning ordinance in the district involved, except upon the granting of a special permit. The Board's resolution granting the permit approved the construction of the project " in strict accordance with the application " and subject to several specific conditions to protect the interests of neighboring residences and consonant with other standards established by the ordinance. The plot plan and drawings designated the specific location of each of the six buildings and expressly set forth the number, size and design of the buildings, the landscaping, drainage, parking requirements and other development plans.

Upon completion of the project, Banos proceeded to rent apartments and permit tenants to occupy them without applying for a certificate of occupancy. When application was made for the certificate, Banos was informed by the town enforcement officer that the project as constructed did not comply in several respects with the plans, specifications, and conditions approved by the Board in the special permit. The town thereafter commenced an action to enjoin Banos from " using or occupying the premises * * * in violation of the permit and of the zoning ordinance ". It further demanded that Banos be directed " to comply with the requirements of the permit " and asked for punitive damages.

After the town instituted its action, Banos petitioned the Board for a modification of the special permit so that the project as constructed would conform to the modified permit. The Board conducted lengthy hearings on three evenings at which all interested parties, including petitioners and objecting neigh-

boring property owners, were given full opportunity to be heard. After due deliberation, the Board made a full and comprehensive decision particularizing petitioners' violations. The Board found that Banos had violated the conditions of the special permit with respect to the number of dwelling units, the locations of buildings, the exterior design of the buildings, and general site improvements. The Board concluded that "Petitioner has undertaken the construction and maintenance of this project with little or no regard for the requirements and laws of the Town of DeWitt". In particular, the Board found that the present location of one apartment building, designated number "4", was "unreasonably detrimental to the adjoining and neighboring properties". On the basis of these findings, the Board "in spite of petitioner's 'unclean' hands" made certain concessions to Banos in an amended permit and established a reasonable time schedule for making the changes directed in its decision. The Board conditioned the amended special permit upon compliance with the requirement that petitioner either remove or relocate building "4" to the location shown on the plot plan submitted on the original application for the special permit.

Banos then commenced this proceeding to review the Board's decision on the grounds that the determination "is arbitrary, unjust, capricious, prejudiced, discriminatory and a violation and abuse of discretion" and would "cause undue and unnecessary hardship to petitioner". He agreed to all conditions imposed by the amended permit with the exception of the condition that required him to relocate building "4". Banos alleged that the tearing down of the building "would entail an economic loss in excess of $200,000" and that to relocate the building to the originally approved site "would entail a cost of $79,195". The Board responded that its decision was amply justified by the administrative record. Special Term recognized in its decision that "Petitioner went ahead with the building of this apartment complex, ignoring many of the conditions of the permit" but concluded that the Board's determination would work "a severe economic hardship" upon petitioner; that allowing the building to remain where constructed would not adversely affect the community and, therefore the Board's decision was arbitrary and capricious.

We are, therefore, presented with this single issue of whether the Board's determination can be characterized as arbitrary or an abuse of discretion or whether Special Term by its determination substituted its judgment for that of the Board. The

resolution of this question turns on whether the record contains substantial evidence to support the Board's decision (*Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20, 24).

The Board's determination was predicated upon detailed and specific findings, set forth with meticulous care, that Banos intentionally or recklessly erected building " 4 " in complete disregard of the plot plan, and that the present location of building " 4 " is " unreasonably detrimental to the adjoining and neighboring properties ". The obvious departure from petitioner's plot plan is well demonstrated by the exhibits and the record contains substantial evidence to support the Board's finding in this respect (*Thayer* v. *Baybutt,* 29 A D 2d 486, 488; *Matter of Meisenzahl* v. *McAvoy,* 31 Misc 2d 511, 512, affd. 15 A D 2d 720). The Board evidenced its fairness in dealing with the problem created by the petitioner's disregard of the terms of the special permit by giving Banos six months to comply with the conditions of the amended permit.

Special Term indicated that it was impelled to annul the Board's determination with reference to building " 4 " because of the " severe economic hardship " the petitioner would suffer. The large number of violations of the conditions of the original permit induce us to conclude that, in the best light, petitioner flagrantly and recklessly gave little consideration to the provisions of the permit. As was stated in *Matter of Midgett* v. *Schermerhorn* (24 A D 2d 572), " To permit him [petitioner] to present the board with a *fait accompli* and, in effect, demand the variance, would be seriously prejudicial to neighboring property owners whose buildings do conform and to the board itself in its efforts to maintain reasonably adequate standards and procedures ". As we determined in *Matter of Baumhofer* v. *Ullrich* (20 A D 2d 751), " The Board of Appeals was therefore justified in denying the variance upon the ground that the practical difficulty was self-created ".

In urging that Special Term's disposition was proper, petitioner places great reliance on *Matter of Fulling* v. *Palumbo* (21 N Y 2d 30). Petitioner contends that *Matter of Fulling* is authority for the proposition that practical difficulty and economic hardship must be weighed against the zoning purposes served by strict compliance with the conditional permit. We find this fallacious, for it misconceives both the principle of *Matter of Fulling* v. *Palumbo* (*supra*), and the principle of self-created hardship. In *Matter of Fulling,* the court held that if an applicant has demonstrated that he will suffer economic hardship, the board may not deny an area variance unless it demonstrates that the application of the ordinance furthers a

legitimate zoning purpose. Nothing in that case gives a court reviewing an administrative decision the power to weigh the competing equities and, therefore, substitute the court's judgment for that of the zoning board. The Court of Appeals further distinguished *Matter of Fulling* from the situation in the case at bar, as recently as November 25, 1970, in *Matter of 113 Hillside Ave. Corp.* v. *Zaino* (27 N Y 2d 258). In its consideration of an application for an area variance the court noted in *113 Hillside Ave. Corp.* that one should not be permitted to frustrate zoning regulations in self-created hardship cases when '' It is the petitioner alone who fails to meet the zoning requirements established by the ordinance ''. (p. 263.) See, also, *Contino* v. *Incorporated Vil. of Hempstead* (27 N Y 2d 701); *Matter of Weinstein* v. *Planning Bd. of Vil. of Great Neck* (28 A D 2d 862, affd. 21 N Y 2d 1001).

Petitioner further contends that in an application for an area variance it is immaterial that the hardship was self-created. In his view the Board must ignore the fact that he constructed his apartment buildings in disregard of the conditions of the special permit. We do not agree. We recognize that there have been decisions which quite properly have held that under special circumstances ''The fact that the practical difficulty may have been self-created does not, in and of itself, deprive the board of its discretionary power to grant an area variance '' (*Matter of Willits* v. *Schoepflin,* 23 A D 2d 868). However, the Board may in a proper case deny an application for an area variance upon the ground that the practical difficulty was self-created (*Matter of Baumhofer* v. *Ullrich,* 20 A D 2d 751, *supra*). Whether the fact that the practical difficulty was self-created requires denial of an area variance is a matter for the exercise of discretion by the Board. In the absence of a showing that the Board has abused its discretion, its determination will not be disturbed (cf. *Matter of Ozolins* v. *Horn,* 26 A D 2d 555).

In the instant case, we find that the Board properly denied Banos' application for approval of the existing location of building '' 4 ''. The record supports the Board's determination that the principle of self-created hardship requires, on the record before it, that Banos' economic difficulty be given little weight. One who disregards the conditions imposed in an administrative proceeding should have less standing than one who applies for a variance from generally applicable zoning requirements. By constructing his project without regard for the conditions imposed by the special permit, Banos affirmatively prevented his property from being used in compliance with the zoning requirements. The Board properly decided that Banos

was estopped from claiming hardship (*Matter of Sherman* v. *Gustafson*, 28 A D 2d 1082, affd. 22 N Y 2d 793; *Matter of Fina Homes* v. *Young*, 14 Misc 2d 576, affd. 7 A D 2d 864, affd. 7 N Y 2d 845; *Matter of Chasanoff* v. *Silberstein*, 6 A D 2d 872, affd. 6 N Y 2d 807; *Matter of Midgett* v. *Schermerhorn*, 24 A D 2d 572, *supra*; Anderson, Zoning Law and Practice in New York State, § 18.40, p. 593; 2 Rathkopf, Law of Zoning and Planning [3d ed.], p. 48–1).

We conclude that the Board's determination in the instant case was reasonable and rational. Taken as a whole, it is a measured response to the facts in the record, is neither arbitrary nor capricious and should not have been disturbed by Special Term.

The judgment should be reversed, the petition dismissed and the decision of the Board, dated November 27, 1968, should be confirmed.

DEL VECCHIO, WITMER, GABRIELLI and BASTOW, JJ., concur.

Judgment unanimously reversed with costs, petition dismissed, and determination of the Board dated November 27, 1968 confirmed.