■ HOWARD L. HURWITZ, Respondent, v W. H. SADLIER, INC., Defendant, and OXFORD BOOK COMPANY, INC., et al., Appellants.—In an action to recover royalties due under contracts, defendants Oxford Book Company, Inc., and Keystone Education Press, Inc., appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County, dated January 6, 1975, as, on their motion for summary judgment, denied such relief as to plaintiff's second cause of action (the order denied the motion as to them in its entirety). Order affirmed insofar as appealed from, with $50 costs and disbursements. The contract language is ambiguous and plaintiff's affidavits raise factual issues concerning the intent of the parties in executing the contracts. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.

■ In the Matter of AMERLON REALTY CORP., Appellant, v HENRY L. REDER, as Building Inspector of the Incorporated Village of Malverne, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent board of zoning appeals which, after a hearing, denied an application to amend a basement plan in connection with an existing two-family house so as to permit the maintenance of a full bathroom in the basement, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated August 19, 1975, which denied the petition and dismissed the proceeding. Judgment affirmed, without costs. The record of the hearing before the respondent board sustains its findings; the board was justified in its denial of petitioner's application (see *Matter of Midgett v Schermerhorn*, 24 AD2d 572; *Banos v Colborn*, 35 AD2d 281). Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.