■ In the Matter of RICHARD F. FUHST, Respondent, v JOSEPH FOLEY et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, County of Westchester, Appellants.—In a proceeding pursuant to CPLR article 78 to (1) annul appellants' determination made March 25, 1976, after a hearing, which denied petitioner-respondent's application for an area variance and (2) compel the granting of such application, the appeal is from a judgment of the Supreme Court, Westchester County, entered July 1, 1976, which (1) annulled the determination and (2) directed the issuance of the variance. Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits. We note that, accepting the appropriate standard for an area variance to be the standard enunciated in the dissenting memorandum, namely, "practical difficulties" rather than "unnecessary hardship", nevertheless there was insufficient proof to demonstrate "practical difficulties" (see *Van Deusen v Jackson,* 35 AD2d 58, affd 28 NY2d 608). At most, personal convenience was proven. Under the circumstances, appellants' action in denying the variance was not improper. We further reverse on the authority of *Matter of Midgett v Schermerhorn* (24 AD2d 572). Cohalan, J. P., Suozzi and Mollen, JJ., concur. Hawkins, J., dissents and votes to affirm the judgment, with the following memorandum: Concededly, petitioner enclosed the entrance to his home without first obtaining a building permit. At the instance of the building inspector, however, he immediately applied for an area variance, for a 25-foot front yard setback as mandated by the town's zoning ordinance. Petitioner requires a variance of five feet, occasioned by his enclosing by masonry the raised platform entrance to his home, measuring five feet by five feet. The steps and platform-porch, together, measure 8 feet by 10 feet. Thus, there is an "area" rather than a "use" variance involved; consequently, the less onerous requirement of "practical difficulties" applies rather than does the standard of "unnecessary hardship" (see *Matter of Village of Bronxville v Francis,* 1 AD2d 236, affd 1 NY2d 839). As the Appellate Division held in the *Bronxville* case *(supra,* pp 238–239): "A change of area may be granted on the ground of practical difficulties alone,

without considering whether or not there is an unnecessary hardship * * * This court is committed to the rule that, in the absence of statutory provision to the contrary, special hardship need not be established as a condition to granting an area variance. *(Matter of Perri v Zoning Bd. of Appeals of Inc. Vil. of Scarsdale,* 283 App. Div. 818; *Matter of Kelly v Murdock,* 275 App. Div. 786; *359 West 34th St. v Board of Stds. & Appeals of City of N.Y.,* 279 App. Div. 1032, affd. 305 N. Y. 878; *Matter of Leone v Yates,* 280 App. Div. 823; *Matter of Atlantic Beach Property Owners' Assn. v Richter,* 281 App. Div. 769.) The rule is recognized generally. *(Matter of Ryback v Murdock,* 1 A D 2d 132.)" Anderson on New York Zoning Law and Practice (vol 2 [2d ed], § 18.04) comments that the distinction between "area" and "use" variances, and the separate requirements affecting their being granted or denied are "inventions of the courts." These classifications, he observes, apparently were devised so as to "permit the granting of variances regarded as trivial, without the establishment of all of the elements required by *Otto v Steinhilber* [282 NY 71]."