OPINION OF THE COURT
Roger J. Miner, J.
Petitioners seek to annul the determination of respondent denying their application for an area zoning variance for the installation of a solar heating unit at their property in the Town of Colonie.
Desiring to install the solar heating unit, and being unable to comply with zoning ordinance requirements that each front yard have a minimum depth of 50 feet and be free of any structures, petitioners sought an area variance from the respondent board of zoning appeals. The application was denied *899 after public hearing, respondent having concluded that there are no unusual circumstances and conditions affecting petitioners’ property "that are peculiar to said property and do not apply generally to other property in the vicinity.”
Petitioners occupy a corner lot. Although there appears to be sufficient space at the rear of the lot for the installation of a solar heating unit in compliance with the zoning ordinance, the unit apparently would not be most effective there. The unit was purchased for $4,000 and is designed as an auxiliary system connected to the oil-fuel furnace system of the residence. It is placed on skids and the solar heating panels are 8 feet in height. The unit is 8 feet wide at the base and is 20 feet 9 inches in length.
It is contended that the determination under attack denies petitioners the right to choose an energy source; that it denies them the right to make a normal improvement permitted under the use provisions of the zoning ordinance; that it is contrary to State and Federal energy policy; that it represents the application of an incorrect test for variance; that it ignores the possibility of granting a variance upon a condition for landscaping; and that it "represents an unconscionable, selfish and reactionary position against energy conservation.”
The contention of petitioners must be rejected. A request for an area variance involves a determination as to whether practical difficulties will result from strict compliance with the zoning ordinance and the decision of the local zoning board in this regard should be sustained where there is a rational basis for its decision. (Matter of Cowan v Kern, 41 NY2d 591.) Moreover, the existence of a self-created hardship does not entitle the land owner to a variance. (Matter of National Merritt v Weist, 41 NY2d 438.) The petitioners here have not demonstrated practical difficulties or significant economic injury. (Matter of Fulling v Palumbo, 21 NY2d 30.) At most, they have shown personal convenience. (Matter of Fuhst v Foley, 57 AD2d 956.) The court concludes that, with respect to petitioners’ application for an area variance, the respondent did not act in a manner that was in any way arbitrary, unreasonable, irrational or indicative of bad faith. (See 2 Anderson, New York Zoning, Law and Prac [2d ed], §§ 18.31-18.45.)
Submit judgment for respondent.