In the Matter of JOSEPH DI BARI, Respondent, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Appellants.— In a certiorari proceeding, the board of standards and appeals of the City of New York appeals from a final order which annulled the determination of the board denying respondent's application for a variance of the provisions of the zoning resolution, and directed the issuance of a permit by the superintendent of buildings, Borough of Brooklyn. The respondent made application for a permit to erect stores in a residence district and to use the wall of his garage and gasoline station, in the adjoining manufacturing district, as part of the walls of the store building and to permit construction on more than 60% of the residence district in violation of subdivision (b) of section 13 of the resolution. The application was made pursuant to section 21 providing for a variance when there are practical difficulties or unnecessary hardships, and pursuant to subdivision (e) of section 7 authorizing a permit for a stated term

of years, in harmony with the general purpose and intent of the regulations. Final order granting respondent's motion to sustain the order of certiorari and denying appellants' motion to dismiss the petition and to sustain and confirm the determination of the board of standards and appeals reversed on the law and the facts, with $50 costs and disbursements, petition dismissed, and the determination of the board confirmed, without costs. It does not appear from the record that the board abused its discretion, or acted in bad faith, or that its action was unreasonable, arbitrary, discriminatory or illegal in refusing to vary the application of the use district regulations. On this record, Special Term could not supplant the duly constituted municipal authority. (*People ex rel. Werner* v. *Walsh,* 212 App. Div. 635, affd. 240 N. Y. 689; *Matter of Holy Sepulchre Cem.* v. *Board of Appeals of Town of Greece,* 271 App. Div. 33.) Special Term could not find that the respondent was illegally oppressed by the denial of his application. (Cf. *Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126.) The board was not obliged to find that the change of the adjoining use district from business to manufacturing peculiarly affected respondent, or that he could not profitably conform to the requirements of the zoning conditions because of the shape of his property. The board had before it evidence of residence construction on a parcel very similar in dimensions and shape on the same street. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.