Walter B. Hart, J.
This is an article 78 (Civ. Prac. Act) proceeding to review a determination of the Board of Standards and Appeals denying (1) a use and area variance for the erection and maintenance of a gasoline service station and (2) an administrative appeal from a decision of the Borough Superintendent *305 rejecting petitioners’ application for a permit in connection with the proposed use. Respondent board here moves for an order dismissing the petition and affirming its determination.
Petitioners are the owners of an irregular, unimproved plot of land on the southeast corner of Church Avenue and East 39th Street, in the Borough of Brooklyn, City of Rew York. The site is comprised of lots 1, 3, 4 and 5, in Block 4893, fronting 100 feet on Church Avenue and 108 feet, 1% inches on East 39th Street. The premises are located in a retail use, “ D ” area district to a depth of 100 feet from Church Avenue. The remaining rear portion is in a residence use district.
Previously, in 1956, one of the petitioners applied for a zoning variance to permit a similar use on a portion of the present plot having a frontage of 60 feet on Church Avenue and 108 feet, 1% inches on East 39th Street. The prior application was denied upon the ground that no basis was shown to warrant a change from retail and residence use districts to the nonconforming use of a gasoline service station.
Subsequently, on October 28, 1959, the other petitioner acquired the adjoining 40 feet (lot 5) on Church Avenue. Prior to January 4,1960, both petitioners filed a new application with the Borough Superintendent for a permit to erect a gasoline station on a major portion of their combined plot, namely, 100 feet on Church Avenue and running 99 feet in depth. Petitioners alleged that plots 1, 3, 4 and 5 have been tentatively reapportioned on the tax map as tentative lots 1 and 61, so that tentative lot 1 would have a frontage of 100 feet and a depth of 99 feet and tentative lot 61 would include the remainder of the plot. On January 4, 1960, the Borough Superintendent disapproved the plans upon the ground, among others, that the proposed use was in violation of the Zoning Resolution. Petitioners thereafter made application to respondent for a zoning variance. It appears that 34 property owners within the affected area have filed formal objections to the granting of the variance, and that only two property owners have consented thereto.
In the present proceeding, petitioners seek a use variance to permit the erection and maintenance of a gasoline service station and an area variance in relation to the zoning requirements as to a rear yard. Obviously the former is their main objective, since the granting of an area variance would be meaningless ■without a corresponding change in the zoning use.
Concerning the decision of the Borough Superintendent, he had no power to grant a variance and his disapproval of the plans was proper under the circumstances. As regards the subsequent proceeding before the board, it appears that the *306 board’s committee inspected and investigated the conditions affecting the premises and the area involved and that petitioners were accorded a full and complete hearing. The board concluded that there was no justification for the exercise of its discretion to grant a variance under section 7 (subds. [f], [g], [i]) and section 7-A of the Zoning Besolution, and that petitioners had not substantiated a basis to warrant the exercise of discretion under section 21 as there was no evidence of practical difficulties or unnecessary hardships. The board specifically found, among other matters, that the character of the area had not changed since it denied the former application in 1956; that the site involved is in a fully developed retail and residential area and that it could be developed with conforming uses; that there was no need for a gasoline service station either at the site or in the surrounding area; and that the denial of the application for a variance is in harmony with the use and area resolutions and with the spirit and purpose of the Zoning Besolution.
Upon this record it may not be said that the board has abused its discretion, or acted in bad faith, or that its action in denying the application was unreasonable, arbitrary, discriminatory or illegal. Accordingly, the determination must be sustained (Matter of Di Bari v. Board, of Stds. & Appeals, 280 App. Div. 810, affd. 1 N Y 2d 756). The motion is granted in all respects and the proceeding is dismissed.