Chief Judge Desmond.
Petitioner-appellant is the owner of land at the northwest corner of the intersection of Hempstead Turnpike and Division Avenue in the Town of Hempstead, Nassau County. Under the town zoning ordinance (§§ X-1.0, X-1.9) the premises are in a Business Use District and may be used for a gasoline station only “ when approved as a special exception by the Town Board”. Petitioner’s application for such a “ special exception ” was denied by the board and this proceeding was brought to compel the grant. The petition prayed for a “ review ” of the board’s determination and for a direction by the court that the Town Board grant it permission to construct a gasoline station (and for associated relief, which we need not separately discuss herein, of a permit to install gasoline storage tanks).
*23 Protracted litigation followed, each party taking an extreme position. The board, citing Matter of Green Point Sav. Bank v. Board of Zoning Appeals (281 N. Y. 534), insisted that its denial was a legislative act and not subject to any court review at all. Petitioner, citing Matter of Rothstein v. County Operating Corp. (6 N Y 2d 728), pointed out that this court had held that a similar determination under the same provision of this selfsame ordinance was reviewable as to “ reasonableness ” in an article 78 Civil Practice Act proceeding. Since, argued petitioner, the board refused to file an answer stating its reasons, a mandamus order had to issue forthwith. Special Term directed the board to file a return. The board did so, giving these reasons for refusing the special exception: that the intersection of which plaintiff’s land forms one corner is “ one of the most heavily trafficked” in the town; that extending several hundred feet along Division Avenue (opposite the proposed gas station site) is “ a major shopping center”; that further along on that opposite side of Division Avenue is a public school; that on the northeast corner, that is, the corner east of petitioner’s land, there is a bus stop; and that to the rear of the shopping center and less than 400 feet from petitioner’s site there is now a gasoline service station. These physical facts are of course undisputed. Petitioner, however, denied the validity or reasonableness of the board’s conclusory finding that “ permission to erect and maintain a gasoline filling station upon the subject premises would increase vehicular traffic, endanger the health and safety of the public and particularly in an area wherein a heavy concentration of shoppers and school children congregate and that the use of the subject premises is not in accord with the comprehensive plan of development of the Town of Hempstead.” The Justice at Special Term, drawing on his own familiarity with the neighborhood, concluded that the board’s five reasons did not afford sufficient support for denying the gas station application and so made an order granting the petition. The Appellate Division, however, while conceding the reviewability of the board’s determination, stated as the controlling rule as to the extent of such reviewability that grant or denial of such a special exception is “ left to their [the board’s] untrammeled, but of course, not capricious discretion, with which the courts may *24 not interfere except on proof that refusal to grant the permits was based solely on grounds which as a matter of law the board might not consider” (citing Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 335).
We read the Appellate Division’s opinion as a restatement of the settled rule that in reviewing board actions as to variances or special exceptions the courts do not make new or substitute judgments but restrict themselves to ascertaining whether there has been illegality, arbitrariness, or abuse of discretion (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280; Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126; People ex rel. Arseekay Syndicate v. Murdock, 265 N. Y. 158; People ex rel. Sullivan v. McLaughlin, 266 N. Y. 519; People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co. v. Walker, 282 N. Y. 400; Matter of Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534, supra, app. dsmd. 309 U. S. 633; Matter of Douglaston Civil Assn. v. Board of Stds. & Appeals, 278 App. Div. 659, affd. 302 N. Y. 920; Matter of Di Bari v. Board of Stds. & Appeals, 280 App. Div. 810, affd. 1 N Y 2d 756; Matter of Ernst v. Board of Appeals, 274 App. Div. 809, affd. 298 N. Y. 831; Matter of Del Vecchio v. Tuomey, 283 App. Div. 955, affd. 308 N. Y. 749; Matter of Von Kohorn v. Morrell, 9 N Y 2d 27). Board action refusing to grant a “ special exception ” is by definition and in essential character discretionary and not a denial of a right (see Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126, supra; Barkmann v. Town of Hempstead, 294 N. Y. 805). Otherwise, there would be no point in listing certain uses as the permitted ones in a use district and listing others as permissible only when specially, exceptionally and affirmatively authorized by the board.
Our memorandum decision in Matter of Rothstein v. County Operating Co. (6 N Y 2d 728, supra) meant that special exceptions grants or denials, even though by a legislative body, were for court review purposes administrative with the result that they are subject to review “as to reasonableness ” in an article 78 proceeding. But it did not mean that the bringing of such a proceeding transfers original jurisdiction of such a matter to the courts. The courts do not sit to supervise the discretionary acts of the hundreds of town boards and town zoning boards in this State.
*25 “ The mere fact that consents were granted to owners of premises somewhat similarly situated does not in itself show that consent was arbitrarily refused to this applicant. The question is not whether someone else has been favored. The question is whether the petitioner has been illegally oppressed. Exercise of discretion in favor of one confers no right upon another to demand the same decision. Unlimited discretion vested in an administrative board by ordinance is not narrowed through its exercise. Calculated failure to lay down general standards in the ordinance should not be nullified by interpretation that each case passed upon creates a standard that must be generally followed thereafter. The council may refuse to duplicate previous error; it may change its views as to what is for the best interests of the city; it may give weight to slight differences which are not easily discernible ” (Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 336, supra).
Observance of these fundamentals produces an affirmance in this ease. Under the ordinance the Town Board had the power but not the obligation to license gasoline stations in Business Use Districts. The courts have the power and duty to ask the board for its reasons, so as to determine whether they were lawful ones or such as reasonable minds could act on. The board’s reasons were forthcoming: especially heavy traffic at the point and, nearby, a shopping center, a school, a bus stop and an existing gasoline station to serve the needs of the public. For a court to say that those reasons are not good enough would mean that the Judges have taken over the duties and powers of the board. “ Special exception” disputes are to be resolved by the “ common-sense judgments ” of “ representative citizens doing their best to make accommodations between conflicting community pressures ”, and for the courts to intervene, in the absence of clear illegality, would be “ contrary to the settled and practical necessities of zoning procedure” (Matter of Von Kohorn v. Morrell, 9 N Y 2d 27, 33, 34, supra).
In truth, all this was spelled out as early as 1926 in the famous case of Matter of Larkin Co. v. Schwab (242 N. Y. 330, supra) and restated by this court in 1939 in Matter of Green Point Sav. Bank v. Board of Zoning Appeals (281 N. Y. 534, 538, 539, supra): “ In enacting the ordinance the Town Board might have prohibited altogether a gasoline service station in *26 a business district. Instead, the ordinance did not prohibit, provided the use was approved by the local legislative body which enacted the ordinance. There is not presented a case for the canalization of standards to guide an administrative body, for here the power of approving the use was retained by the legislative body. Where the approval is thus lodged in the local legislative body, and where the matter is one which may endanger the safety of persons and property, there need not be formulated standards for the dispensing power, and the ordinance is constitutional. (Matter of Larkin Co. v. Schwab, 242 N. Y. 330; Fischer v. City of St. Louis, 194 U. S. 361; Storer v. Downey, 215 Mass. 273. Cf. Goldstein v. Conner, 212 Mass. 57.) The Town Board must act reasonably. So long as its actions come within that scope the courts may not interfere. Obviously, in the exercise of this dispensing power, consents must be refused to those not entitled thereto. A license for a gasoline station may well be denied when next to a public school or in the heart of a business district where a fire might be most disastrous, and at the same time be granted in a suburb or in a less crowded district. The question in each case is whether the establishment of a gasoline station in the particular place or in the particular way would imperil the safety of persons and property. Such dispensing power may properly be delegated to the municipal assembly which enacted the ordinance. (Fischer v. City of St. Louis, 194 U. S. 361.) ”
The order should be affirmed, with costs.