In the Matter of ROBERT L. KENYON et al., Petitioners, *v.* OSCAR T. QUINONES et al., Constituting the Zoning Board of Appeals for the City of Lockport, et al., Respondents.

Fourth Department, December 13, 1973.

*Robert S. Roberson* for petitioners.

*Peter P. Corrallo, Corporation Counsel,* for respondents.

GOLDMAN, P. J.   This article 78 proceeding was commenced by petitioners to set aside a determination of the Lockport Zoning Board of Appeals (Board) which granted a variance to the owner, Glenn H. Benedict, to convert and remodel a commercial building into a two-story apartment house containing 11 apartments.  The Board had overruled the Building Inspector's denial of a remodeling permit.  This proceeding was improperly transferred to this court by Special Term, pursuant to CPLR 7804 (subd. [g]), on the ground that a substantial evidence question had been raised (CPLR 7803, subd. 4).  Special Term had the power and should have disposed of all the issues, but failing to have done so, this court will decide the case on the merits (General City Law, § 82, subd. 1; *Matter of Conklin* v. *Riley*, 41 A D 2d 597; *Matter of Willow Garden Apts.* v. *Riker*, 36 A D 2d 892; *Matter of Fasani* v. *Rappaport*, 30 A D 2d 588).

Respondent Benedict seeks a use variance to permit the establishment of a two-story apartment house in a R-1 district. The building is located on the southwest corner of Utica Street and Massachusetts Street, Lockport, New York.  The principal permitted uses in such a single-family residential district are single-family detached dwellings, public parks, playgrounds and public schools (Lockport Zoning Ordinance of 1971, p. 13).  At the time of the purchase of the premises by respondent on September 10, 1968, the district was zoned R-2 (two-family dwelling) and the use of the premises for a R-3 multiple residence use was prohibited (City of Lockport Ordinance of 1962, art. VII, p. 11).  Pursuant to article XIII (§ 6, p. 28) of the 1962 Ordinance, respondent had two years in which to continue using the premises in a nonconforming use but if that use were discontinued for a period of two years, such use could not be re-established and any future use would have to comply with

the provisions of the Zoning Ordinance. Prior to respondent's purchase of the property in 1968, the premises had been used as a dairy, a legal nonconforming use, until August, 1967, All of these facts were known to respondent at the time of purchase. In 1971 the Zoning Ordinance changed the classification of the district in which the premises are located to a R-1 district (single-family dwelling). (See City of Lockport Zoning Map of 1971.) Over four years after purchase of the property, in January, 1973, respondent sought a use variance to permit a nonconforming use, to wit, a two-story apartment house with 11 one-bedroom apartments. When respondent bought the property he had planned to open a store on the premises but nothing was done with the premises. Petitioners-appellants are residents of Utica Street, which is a side street having virtually no through traffic and is a completely single-family residential area.

There are two questions presented on this appeal: (1) was respondent Benedict's plight the result of self-created hardship; and (2) does the record contain substantial evidence to support the Board's decision to grant the variance. Respondent's position is weak because he purchased the property in 1968 with the full knowledge of the use restriction and accordingly the hardship is of his own making. "One who thus knowingly acquires land for a prohibited use, cannot thereafter have a variance on the ground of 'special hardship'" (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86, 89). There was nothing unexpected or incalculable about respondent's claimed plight. It resulted from the mere act of purchase with full knowledge of the zoning restrictions. Even if respondent were to argue that he did not have a prohibited use in mind when he purchased the property, which is not likely here, the then existence of a restrictive zoning ordinance is more controlling than the subjective intent of the purchaser. (See *Matter of Gillispie,* 14 A D 2d 543; *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals,* 271 App. Div. 33, 41.) A self-created hardship may not be the basis for a variance (*Matter of Hoffman* v. *Harris,* 17 N Y 2d 138) and an applicant for a variance under these circumstances will not be permitted to claim unnecessary hardship (*Matter of Blumberg* v. *Feriola,* 8 A D 2d 850, affd. 7 N Y 2d 852; *Matter of Everhart* v. *Johnston,* 30 A D 2d 608).

There is substantial lack of proof in the record as to the impossibility of realizing a reasonable return from a use permitted by the zoning regulations. All the evidence of reasonable return, or lack thereof, is contained on one page of the record

and is merely a statement of present financial loss. There is no proof as to what the premises would yield as a one-family residence and that such a return would not be reasonable. When the applicant fails to prove the first of three requisites upon which a finding of hardship is based, i.e., that the permitted use will not yield a reasonable return, there is no substantial evidence to support the granting of the variance on the ground of unnecessary hardship (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71). That proof lacking, it is unnecessary to consider the other two elements in showing unnecessary hardship, (1) the unique plight of the owner and (2) the unaltered character of the neighborhood as the result of the use pursuant to a variance (*Matter of Everhart* v. *Johnston,* 30 A D 2d 608, *supra; Matter of Fasani* v. *Rappaport,* 30 A D 2d 588, *supra; Matter of Hunt* v. *Carusone,* 28 A D 2d 612; *Matter of Album* v. *Anderson,* 25 A D 2d 481). Respondent relies on *Matter of Hopkins* v. *Board of Appeals* (179 Misc. 325), but that case is concerned with the element of the unique plight of the owner and we do not reach that issue (see *Matter of Everhart* v. *Johnston, supra*). If we were to consider the question of unique plight, *Matter of Jayne Estates* v. *Raynor* (22 N Y 2d 417) would, of course, be dispositive. (See, also, *Williams* v. *Town of Oyster Bay,* 32 N Y 2d 78.)

Finally, the minutes of the hearing before the Board consist of a question and answer narrative. The record reflects several extraneous matters which were considered, such as possible encroachments on adjoining land; a problem of garbage disposal because of no basement and the appearance of disposal cans on the outside; additional parking which might include 22 cars; a water problem resulting from surface waters passing onto adjoining property and perhaps a storm sewer problem. The Board found that the structure could not be changed into a permitted R-1 use, that no other possible use was suggested at the hearing, and that the proposed use is an improvement over the previous use as a dairy. The Board found that most of the neighbors' objections were personal. The Board concluded that the proposed use is an improvement over the previous use and that it might enhance the character of the neighborhood.

Although the record is quite unsatisfactory from the viewpoint of proof by Benedict, many Zoning Board hearings consist of a miscellany of hearsay, opinion, fact and conjecture, with the testimony unsworn and informality quite prevalent, and such factors do not destroy the validity of the proceedings (2 Ander-

son, N. Y. Zoning Law and Practice [2d ed.], § 20.14, p. 143; *Matter of Von Kohorn v. Morrell,* 9 N Y 2d 27, 32; *People ex rel. Fordham Manor Ref. Church* v. *Walsh,* 244 N. Y. 280, 287). The statements of witnesses need not be reported verbatim and may be in narrative form (*Matter of Hunter* v. *Board of Appeals of Vil. of Saddle Rock,* 4 A D 2d 961) and the Zoning Board of Appeals is not bound by rules of evidence (2 Anderson, § 20.14, *supra*).

Giving the greatest amount of latitude in the admission of informal proof, the deficiencies in the record before us make the Board's action in granting the variance arbitrary and unjustified. The record fails to substantiate the following conclusions of the Board: (1) that strict application of the ordinance deprives the property of privileges enjoyed by other properties in the vicinity on the ground that the dairy structure has been there for 60 years and antedates any of the present adjacent property owners or zoning laws, (2) that the variance does not constitute a grant of special privilege inconsistent with the zoning ordinance and (3) that the variance would not be materially detrimental to the public welfare. The Board based its decision on a record which contains little or no support for its findings.

It does not appear that another hearing can produce evidence which will justify the granting of the variance. Nevertheless, the determination of the Board should be annulled without prejudice to the right of the respondent to renew his application if he be so advised (see *Matter of Fasani* v. *Rappaport,* 30 A D 2d 588, *supra*; *Matter of Album* v. *Anderson,* 25 A D 2d 481, *supra*; *Gurell* v. *Gioia,* 21 A D 2d 844).

DEL VECCHIO, MARSH, WITMER and MOULE, JJ., concur.

Determination unanimously annulled without costs and without prejudice to respondent Benedict to renew his application for a variance if so advised.