William A. Walsh, J.
This is an action for a permanent injunction.
On November 6, 1973, defendant contracted to purchase improved real property in the Village of Pomona for the purpose of operating a nursery school. Apparently, the sale was contingent upon the purchaser obtaining a certificate of occupancy from the village authorizing the projected use.
*995 The Village of Pomona zoning ordinance provides for the establishment of residential R-40 districts requiring a minimum of 40,000 square feet per plot. Permitted R-40 uses include one-family residences, churches, public utilities’ rights of way, libraries and museums, public parks and playgrounds, agricultural uses and schools of general instruction.
At a regular meeting of the Board of Trustees of the Village of Pomona on January 15, 1974, the Mayor announced that conversion of the property to be purchased by defendant into a nursery school would be approved subject to certain restrictions which had been discussed in executive session. A letter of consent containing those restrictions was to be prepared and sent.
By letter dated January 21, 1974, signed by the Mayor in behalf of the board of trustees, the use of defendant’s property as a nursery school was approved subject to the following conditions: enrollment in the nursery school was to be limited to 60 children, with a maximum of 15 children per class, and only one class to be permitted outside the school structure at any one time; instruction was limited to the hours 9:00 a.m. to 4:00 p.m. on those days when public schools are functioning, so that the nursery school could not be open weekends, holidays, summer sessions and other periods when public schools were closed; no social functions to take place in the school without special permission of the board of trustees; no meals to be served in the school; no large animals to be permitted on the property; no permanent residents allowed; no public address system to be installed; no outdoor lighting except for safety purposes and then only with the approval of the building inspector; exit road to be improved for proper visibility; construction of a fence behind the school building; approval of board of trustees required for a landscaping plan for purposes of screening; driveway to be enlarged; sanitary disposal facilities to be subject to the approval of the County Health Department; a certificate of approval from county fire commissioners to be obtained; and the Village of Pomona to be repaid for the cost of signal devices and highway signs placed to insure safe school operation.
Upon receipt of the letter, defendant’s president signed it, and agreed and accepted the terms imposed with one slight change. The time for school opening was amended to read "8:30 a.m." in place of "9:00 a.m.”.
On June 6, 1975, after compliance with imposed restrictions, *996 a certificate of occupancy was issued "to operate as a nursery school with conditions.” Prior to the issuance of that certificate, by letter dated June 2, 1975, the Mayor reminded defendant of the restrictions as to class size and "the hours and seasons in which operation is permitted.”
It is undisputed that defendant operated its nursery school during the summer months in 1974 and 1975 when public schools were closed. By this action, plaintiff seeks permanently to enjoin Such summer operation.
The Zoning Board of Appeals of the Village of Pomona is vested with authority to vary zoning ordinance requirements by special permit or variance (Zoning Ordinance, § 55-30), and is empowered to set more stringent requirements than provided for when deemed necessary for the preservation of natural features considered desirable and the elimination of features deemed undesirable. (Zoning Ordinance, § 55-7.)
The zoning ordinance is to be enforced by the building inspector and by direct intervention of the village board of trustees (Zoning Ordinance, § 55-17). Certificates of occupancy are issued by the building inspector (Zoning Ordinance, § 55-25). The village board of trustees has not retained to itself the power to grant variances, special permits or approve uses (see Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20; Matter of Belclaire Holding Corp. v Klingher, 28 AD2d 689).
The village board of trustees, by legislatively delegating zoning powers to the zoning board of appeals without reserving such powers to itself, could not usurp the jurisdiction of the zoning board and building inspector and permit defendant’s use of its property as a nursery school with imposed conditions. The right of the village board of trustees to enforce provisions of the zoning ordinance by direct intervention did not constitute a predicate for making a determination as to a permitted use and the imposition of conditions with respect thereto.
The application for a certificate of occupancy to maintain a nursery school in defendant’s premises was required to be made to the building inspector. Upon such application, the building inspector’s responsibility was to determine if a nursery school was a permitted use under the zoning ordinance. An adverse ruling could be appealed to the zoning board of appeals.
The letter agreement between the village board of trustees and defendant, together with the conditional certificate of *997 occupancy issued pursuant théreto, are void and of no force and effect. Defendant must reapply for a certificate of occupancy to operate a nursery school pursuant to section 55-25 of the Zoning Ordinance. The building inspector must determine whether a nursery school is a permitted use under the ordinance. An adverse ruling may be appealed to the zoning board.
The complaint is dismissed.