■ LEONIE HAUSMAN, Petitioner, v COMMON COUNCIL OF CITY OF SYRACUSE et al., Respondents.—Determination unanimously confirmed, without costs. Memorandum: In this article 78 proceeding for a judgment (1) declaring null and void the determination of respondents, the Common Council of the City of Syracuse, denying petitioner's application for a transitional parking area permit for property at 204-218 South Avenue in the City of Syracuse and (2) directing respondents to approve of such application and grant the special permit, Special Term entertained it in part and held that respondents "did not act arbitrarily and capriciously or abusively in denying this application", but it concluded that it had no authority to pass upon the evidence in support of respondents' determination, and so it transferred the

proceeding to us to decide whether that determination was based upon substantial evidence. Special Term erred in transferring the proceeding to us. By express statutory provision, review of determinations of city boards of appeal, including whether they are supported by substantial evidence, may be had at Special Term (General City Law, § 82, subd 1, par [c]; *Matter of Kenyon v Quinones,* 43 AD2d 125; *Matter of Fasani v Rappaport,* 30 AD2d 588; see *Matter of Magde v Crowley,* 200 Misc 109, 110; *Matter of Hopkins v Board of Appeals of City of Rochester,* 178 Misc 186, 191; Town Law, § 267, subd 7; 2 Anderson, NY Zoning Law & Prac [2d ed], § 22.18). In this case the determination was made by the Common Council of the City of Syracuse, which had reserved such questions for its own determination. In deciding the issue, the Common Council was acting in an administrative capacity, and its determination was properly reviewable at Special Term (see *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24; *Matter of Mobil Oil Corp. v Oaks,* 55 AD2d 809; *Town of Clarence v Suburban Trailer Sales,* 30 AD2d 1036). Moreover, in this case, the common council did not conduct a quasi-judicial hearing prior to reaching its decision. The test of propriety of its determination, therefore, is whether its action was arbitrary or capricious *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Lemir Realty Corp. v Larkin, supra; Matter of Mobil Oil Corp. v Oats, supra;* see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243); and that question has always been for Special Term to decide (CPLR 7804, subd [g]; *Matter of Lemir Realty Corp. v Larkin, supra).* Since the proceeding is now before us, however, we entertain and decide the issue (CPLR 7804, subd [g]; *Matter of Kenyon v Quinones, supra; Matter of Fasani v Rappaport, supra).* Respondents have a legitimate interest in planning and regulating the use of property for the purpose of preserving the character of residential neighborhoods (Syracuse Zoning Rules and Regulations, part B, § 1, arts 3, 7; part C, § 4, art 1, subd 2, pars [a], [b]; part C, § 4, art 2, subd 2, par [a]). The council's findings that the proposed parking lot would generate noise and disturb occupants of nearby residences, would diminish the likelihood that both the subject and neighboring properties would be developed (or continue to be used) for residential purposes, and would constitute an expansion of a declining business district and thereby tend to facilitate the development of the type of businesses sought to be limited in such districts, are adequately supported by the record and constitute reasonable and rational grounds for the denial of petitioner's application (see *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 25, *supra; Matter of Green Point Sav. Bank v Board of Zoning Appeals of Town of Hempstead,* 281 NY 534, 539, app dsmd 309 US 633; *Matter of Mobil Oil Corp. v Oaks,* 55 AD2d 809, *supra).* In holding that respondents did not act arbitrarily Special Term did not consider the facts upon which respondents reached their determination. There was, therefore, no legal basis for it to make such ruling (see *Matter of Pell v Board of Educ., supra; Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, supra; Matter of Lemir Realty Corp. v Larkin, supra).* Despite such ruling, Special Term did not confirm respondents' determination. We, therefore, treat the order as merely transferring the proceeding to us. For the reasons above stated we confirm the determination. (Article 78 proceeding transferred by order of Onondaga Supreme Court. Present— Marsh, P. J., Moule, Dillon and Witmer, JJ.