■ In the Matter of MICHAEL BARTHOLOMAY et al., Respondents, v ZONING BOARD OF APPEALS OF THE CITY OF ROCHESTER et al., Appellants.—Judgment unanimously reversed, without costs, and matter remitted to zoning board of appeals for further proceedings in accordance with the following memorandum: Respondents, officials of the City of Rochester, and the property owner, appeal from a judgment of Special Term which annulled two variances relating to property owned by respondent Carter. Special Term did not reach the merits but determined that the zoning board lacked subject matter jurisdiction because the board had not notified at least 25 owners of property adjacent to the rezoned parcel as required by the city ordinance (Rochester Zoning Ordinance, § 115-38, subd B[3]). Apparently, only 21 or 22 nearby owners of property in the neighborhood were notified. Several people, including petitioners, appeared at the public hearing in opposition to the variance applications and their views were fully presented. Two petitioners allege that they did not receive written notice, but it is not claimed that any interested party failed to receive actual notice of the applications and were thereby foreclosed from opposing it. The failure to

comply with the notice provision is not jurisdictional *(Zelenski v Village of Patchogue,* 51 AD2d 1055, 1056-1057) and we find substantial compliance with the requirements of the ordinance, particularly in view of the provision contained therein that "the good faith failure to mail notice to any person entitled thereto * * * shall not be grounds for upsetting any action taken" (see, also, *Matter of Zartman v Reisem,* 59 AD2d 237, 241-242). Turning to the merits, the property in question is a multiple-family property located in a zone permitting a maximum of four apartments. It was purchased by respondent Carter from the City of Rochester as part of the city's renewal program. The variances here attacked permit conversion of the property to a six-apartment dwelling and a change in the off-street parking. Before a variance may be granted, the owner must come forward with "dollars and cents" proof that the property cannot yield a reasonable return if used only for a purpose allowed in the zone, that the owners' plight is unique and not general to the neighborhood, and that the proposed use will not alter the essential character of the neighborhood *(Matter of Otto v Steinhilber,* 282 NY 71, 76; Rochester Zoning Ordinance, § 115-31, subd E [1]; see, also, *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1). Respondent Carter presented no proof of the value of a four-unit structure or what income it could earn, and we agree with petitioners that the proof before the zoning board was not sufficient to show the economic hardship required to justify a variation of the zoning provisions. On the rehearing there should also be proof on the issue of self-created hardship (see, generally, *Clark v Board of Zoning Appeals of Town of Hempstead,* 301 NY 86, 89; *Matter of Kenyon v Quinones,* 43 AD2d 125). Respondent Carter bought this property from the city at public auction for $5,470.09. The sale was part of a general renewal program by which the city acquired property and resold it to be rehabilitated. Petitioners claim that Carter bought the property with full knowledge of the zoning restrictions and now seeks a variance to make the property more profitable. Respondents claim that the hardship is not self-imposed, that between the time Carter inspected the property and the time he acquired it, the property was seriously damaged by vandals and the costs of rehabilitation escalated as a result. If that be so, the purchaser should not be penalized for damage of the vacant premises which he could not prevent (see *Matter of Tantalo v Zoning Bd. of Appeals of Town of Seneca Falls,* 43 AD2d 793; cf. *Matter of Kenyon v Quinones, supra).* The burden still rests on him, however, to demonstrate that the hardship is the result of this damage and not the result of a bad investment. (Appeals from judgment of Monroe Supreme Court—art 78.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.