■ In the Matter of VILLAGE BOARD OF THE VILLAGE OF FAYETTEVILLE, Appellant, v RICHARD JARROLD et al., Constituting the Zoning Board of Appeals of the Village of Fayetteville, et al., Respondents.—Judgment unanimously reversed, without costs, and petition granted. Memorandum: On February 13, 1979 respondent Cosser applied to the Zoning Board of Appeals of the Village of Fayetteville for a use variance to permit him to make commercial use of the parcel involved in this appeal. The parcel, fronting on Route 5 in Fayetteville, was zoned residential. Cosser proposed to operate an upholstery and furniture refinishing business on the premises and to house the operation in an old barn which he proposed to renovate. After hearings, the zoning board approved the variance on June 14, 1979. On August 2, 1979 petitioner commenced this proceeding, pursuant to CPLR article 78, to annul the resolution of the zoning board granting the variance. It is from the denial of that petition that petitioner appeals. In reviewing the determination of the zoning board, we cannot make new or substitute judgments but must, instead, limit our inquiry to whether there has been illegality, arbitrariness, or an abuse of discretion (Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast, 21 NY2d 393; Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20). Such an inquiry must focus upon whether there was substantial evidence to support the zoning board's decision (Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314; Banos v Colborn, 35 AD2d 281, 284). For an applicant to be entitled to a use variance, he must come forward with "dollars and cents" proof that the property cannot yield a reasonable return if confined to the uses allowed by present zoning. He must further show that the owner's plight is due to unique circumstances and not to general conditions in the neighborhood, and that the proposed use will not alter the essential character of the neighborhood (Matter of Otto v Steinhilber, 282 NY 71, 76; Matter of Bartholomay v Zoning Bd. of Appeals of City of Rochester, 70 AD2d 784, 785; Zoning Ordinance of Village of Fayetteville, § 1, C2 [c]). Here, the applicant presented no "dollars and cents" proof as to the infeasibility of residential use of the subject parcel. Additionally, the evidence of the uniqueness of the subject parcel was inadequate. The applicant has made no showing that the slope of the subject property was any different from the slope of adjoining properties. Additionally, there is nothing to indicate that the presence of an old barn upon the subject parcel distinguishes it from neighboring properties in any meaningful way. Under these circumstances, there was insufficient evidence before the zoning board to support its decision (cf. Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, supra, pp 313-314). (Appeal from judgment of Onondaga Supreme Court —CPLR art 78.) Present—Cardamone, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.