Wachtler, J.
(dissenting). The majority, by insisting on a particular kind of evidence without regard to the substantiality of the evidence presented or what it tends to *261 prove, departs from the settled rule that once it appears that a zoning board decision is supported by substantial evidence, the court’s function is at an end. Zoning board members are not expected to be theoreticians or doctrinaire specialists, but rather are representative citizens acting in the community interest through commonsense accommodations of conflicting community pressures (see Matter of Lemir Realty Cory, v Larkin, 11 NY2d 20; Matter of Von Kohorn v Morrell, 9 NY2d 27). For this reason, where a landowner seeking a variance attempts to show to the municipal body that without it he cannot obtain a reasonable return on his property, there is no need to impose rigid and technical constraints on the type of acceptable proof. To do so denigrates the local municipal body’s expertness and familiarity with local conditions.
It has never been the law that there must invariably be a submission of “dollars and cents proof” to support the grant of a variance, and the facts of this case clearly demonstrate that without it evidence of a different character can meet the traditional standard of reasonableness sufficient to require affirmance of the board’s determination. In essence it is for the municipal body, within bounds of rationality, to determine the form and type of evidence on which it may properly base its determination. Although it was not obliged to do so, in this instance the Board of Zoning Appeals found the proof submitted sufficiently reliable and creditworthy to provide a premise for its determination.
The respondent sought to obtain a use variance permitting the operation of a small furniture refinishing and upholstering business in a residentially zoned area. The application was made before the Zoning Board of Appeals for the Village of Fayetteville which, after a hearing, concluded that a variance was appropriate under the circumstances.
Respondent proposed to render the parcel in question suitable for this limited “cottage industry” use by renovating a deteriorating century-old barn existing on the land. The board, after considering extensive testimony on the matter, expressly found that: “The barn is of historical *262 significance as it pertains to the agricultural and trade [route] origins of the Village. Preservation of the bam is consistent with the public interest. The barn is presently in poor repair and in need of extensive rehabilitation.”
Respondent proposed to repair the barn in accordance with an architect’s model submitted to the board, with a view towards maintaining the exterior character of the structure and without altering its exterior dimensions.
The board additionally found that: “Strict application of the zoning requirements of the Fayetteville Code would result in unnecessary hardship. Under the applicable zoning restrictions and other requirements of law, no reasonable use may be made of this parcel. It is economically unfeasible to renovate and remodel the barn to put it in compliance with the law for a permitted residential use. Demolition of the barn should not be required and is undesirable; even if that were done, it would be economically unfeasible to develop the parcel for a permitted residential use and would not produce a saleable property”.
The conclusions of the board were based on expert testimony, which the board credited, indicating that the slope of the parcel is “exceptionally steep” and that much of the parcel is burdened with a high water table. A stream ran along the rear property line which, due to the topography, created a danger of overflow several times yearly. Additionally, respondent produced uncontradicted testimony that to alleviate this problem tremendous amounts of fill, which would be prohibitively expensive, would be required and that the necessary additional construction costs would make the property competitively unsaleable. Despite this evidence, and the clearly permissible inferences to be drawn from it, the village board of trustees, respondent before us, would nullify the action of the Board of Zoning Appeals by exalting the “dollars and cents” language of Matter of Crossroads Recreation v Broz (4 NY2d 39), torturing it out of context and applying it in a manner which was never intended.*
*263 The classic articulation of the unnecessary hardship test governing the grant of use variances was set forth in Matter of Otto v Steinhilber (282 NY 71) where the court required that the record show that (1) the land in question cannot yield a reasonable return as zoned; (2) that the plight of the owner is due to the unique circumstances of the land; and (3) that the use under a variance would not alter the essential character of the locality.
On all three of these points, the proof was more than sufficient. However, it is the proof of the ability of the landowner to obtain a reasonable return which the majority would find legally deficient through a rigid insistence on submission of numerical financial data. In doing so it unwisely limits the character of permissible evidence and fails to focus on what is required to be proved and that which the evidence which was introduced in fact served to prove.
It is apparent from the record before the board that this vacant barn on otherwise vacant land was not yielding a reasonable return as residential property. It is equally apparent that the board could reasonably conclude that the cost of huge amounts of fill required to transform this lot into suitable residential property would be prohibitively high. Of course, for purposes of our review, the proof need only supply substantial evidence and a rational basis for the decision to grant the variance.
In Matter of Crossroads Recreation v Broz (4 NY2d 39, supra) both the procedural posture and the facts were entirely different; we held that in the absence of explicit countervailing financial proof there was no warrant for judicial disturbance of the board’s determination. The owner of a service station who sought a variance to permit an increase in his nonconforming use attempted to support his position by conclusory allegations that the still operating station could not longer “face the competition”. But no economic data was offered to show the required return on *264 the property or to demonstrate that without the variance the ongoing business was a losing proposition. The denial of a variance by the board was there sustained because in that specific economic context — certainly not in all foreseeable contexts — the failure to provide dollars and cents proof rendered the record “entirely devoid” of any basis for measuring a reasonable return (Matter of Crossroads Recreation v Broz, supra, at p 45). There is no indication or justification to be derived from that opinion that the dollars and cents requirement was, as the majority now supposes, intended to be enshrined as “a uniform and rigorous standard”".
In this area of diverse fact situations and local expertness it must be recognized that workable rigorous standards are rare. Indeed, even those standards imposed by statute (see Village Law, § 7-712, subd 2, par [c]) are intended to permit the board a maximum of discretion (2 Anderson, New York Zoning Law and Practice, § 18.06). That discretion should be no less applicable of constrained where a board detefmines that a considerable quantity of nonconclusive proof may fairly prove a point (cf. Matter of Forrest v Evershed, 7 NY2d 256; Matter of Clark v Board of Zoning Appeals of Town of Hempstead, 301 NY 86). The inability of an owner to obtain a reasonable return on his property can logically be shown in more than one way, and if the manner of proof is reliable and acceptable to the local body, the courts should not automatically intrude to insist on an even higher standard of evidence.
Finally, it should be noted that the majority has equated the failure to abide by its novel technical requirement with an attempted piecemeal destruction of the rural character of the community. In fact, as the record clearly demonstrates, the board was seeking to do the opposite by providing a dispensation permitting a use tailored to a valuable existing structure. This is precisely within the function of a variance; this court should not interfere.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the determination of the Zoning Board of Appeals reinstated.
*265 Judges Jasen, Gabrielli and Fuchsberg concur with Chief Judge Cooke; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judges Jones and Meyer concur.
Order affirmed.

 It is to be noted that the “dollar and cents” formulation (on which text writers have subsequently fastened) was used by our court in a case in which *263 the hoard had determined that the proof submitted was not sufficient to justify granting the variance and in which we wrote to sustain the board’s determination ; we were not there addressing a situation in which, as here, the board had found the evidence submitted acceptable for its purposes. We similarly upheld a zoning board’s denial of an application for a variance in Matter of National Merritt v Weist (41 NY2d 438, 446).