■ In the Matter of JAMES COUGEVAN et al., Appellants, v MARGOT MARTENS et al., Constituting the Zoning Board of Appeals of the Town of Torrey, Respondents, and ROBERT A. CANTERBURY, Intervenor-Respondent. — Judgment unanimously reversed, without costs, petition reinstated and matter remitted to the Town of Torrey Zoning Board of Appeals for a hearing in accordance with the following memorandum: Petitioners appeal from a judgment of the Supreme Court, Yates County, which dismissed their petition pursuant to CPLR article 78, seeking to annul a determination of respondent board of appeals which granted a use variance to intervenor-respondent Rev. Robert A. Canterbury (Canterbury). This proceeding was commenced by personal service of an order to show cause and a petition for review upon the town clerk and Canterbury's attorney. In its answer, the board asserted that the court lacked in personam jurisdiction, but omitted to declare the 30-day Statute of Limitations contained in subdivision 7 of section 267 of the Town Law had expired. The board amended its answer to remove the jurisdictional objection and consented to the personal jurisdiction of the court. Canterbury, however, did assert both a defense of lack of jurisdiction due to the statutorily invalid service and a limitation defense for failure to make a timely service within the provisions of subdivision 7 of section 267 of the Town Law. Special Term erroneously granted Canterbury's motion to dismiss the petition for failure to make timely service. While a nonmunicipal respondent may be permitted to interpose the defense of untimeliness under subdivision 7 of section 267 of the Town Law, such defense is not available to Canterbury when the zoning board has actively participated in the proceeding (see *Matter of Town of Clinton v Dumais,* 69 AD2d 836, 837; *Matter of McGregor v Town of*

*Hastings,* 62 AD2d 1178.) Here the waiver by the town zoning board was absolute as to jurisdiction and as to the defense of the Statute of Limitations. The matter must be remitted to the zoning board of appeals for additional evidence including "dollars and cents proof" on the question of whether the property could yield a reasonable return. (See *Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 75 AD2d 994, affd 53 NY2d 254.) Expenditures made in good faith by Canterbury in reliance on an invalid building permit may be considered by a zoning board on the application for a variance as proof of unnecessary hardship (*Matter of Jayne Estates v Raynor,* 22 NY2d 417, 423). (Appeal from judgment of Yates Supreme Court, Dugan, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Moule and Schnepp, JJ.