■ In the Matter of JOHN BIEN et al., Appellants, v CITY OF AMSTERDAM et al., Respondents.—Harvey, J. Appeals (1) from a judgment of the Supreme Court (Walsh, Jr., J.), entered February 20, 1986 in Montgomery County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the City of Amsterdam authorizing the issuance of a special use permit to respondent Five Associates, and (2) from an order of said court, entered February 20, 1986 in Montgomery County, which denied petitioners' motion for reconsideration.

In 1984, respondent Five Associates applied for a special use permit to construct a multiple-dwelling group in a residential district in the City of Amsterdam, Montgomery County. Section 178-27.1 of the City of Amsterdam Code (Code) authorizes the building of a group of multiple dwellings in a residential district so long as certain requirements are met. The Code requires that an application for a special use permit be submitted to the Planning Board for approval and then to respondent Zoning Board of Appeals of the City of Amsterdam (ZBA) for issuance of the permit. Five Associates, thus, submitted its application to the Planning Board which unanimously approved a motion in favor of the project and recom-

mended that the ZBA issue the special use permit. Under the Code, the ZBA is clothed with discretion in determining whether to hold a hearing and provide public notice of such a hearing when acting on an application for a special use permit (City of Amsterdam Code § 178-65 [C]). The ZBA chose to provide notice and a public hearing was scheduled in which petitioners and others were afforded the opportunity to express their views and concerns about the proposed project. Following the hearing the ZBA approved the application by a vote of 3 to 2.

Petitioners then commenced a CPLR article 78 proceeding to have the ZBA's determination annulled. Petitioners alleged that the proposed multiple dwellings violated the zoning ordinances and, thus, sought to have the application denied. Supreme Court found these allegations meritless. Petitioners further argued that the ZBA vote of 3 to 2 was insufficient to sustain the issuance of the special permit. The court held that General City Law § 81 (1) requires four affirmative votes and, thus, concluded that the ZBA vote "amount[ed] to nonaction".

In October 1985, Five Associates resubmitted its application for the special permit. A hearing was scheduled for October 30, 1985 and the ZBA voted in favor of the application by a vote of 4 to 0. Petitioners then commenced the instant CPLR article 78 proceeding to annul the determination of the ZBA. Supreme Court dismissed the petition and this appeal ensued.

Initially, we reject petitioners' contention that, since their petition raised a substantial evidence question, it was error for Supreme Court not to transfer the proceeding to this court. General City Law § 82 (1) (c) specifically directs that Supreme Court should decide all issues raised under CPLR 7803 when a review of a zoning appeals board decision is sought under CPLR article 78 (see, Hausman v Common Council, 60 AD2d 770, 771, lv denied 43 NY2d 649; Matter of Kenyon v Quinones, 43 AD2d 125, 126). Hence, it was not error for Supreme Court to act on the issues before it.

Petitioners further assert that they should have been given notice of the October 1985 hearing and, thus, afforded another opportunity to voice their objections to the proposed project. We cannot agree. The October 1985 hearing was merely a resubmission by Five Associates of their proposed plans to the ZBA. Five Associates' project had previously been unanimously approved by the Planning Board. The ZBA had also previously determined that the plans were in compliance with local zoning regulations and Supreme Court had found meritless petitioners' allegations to the contrary. Petitioners had

been afforded a full opportunity to voice their concerns and to challenge compliance with the zoning ordinances. Although some minor changes were allegedly made to the plans, it is significant that petitioners have not shown that these changes resulted in any violation of the zoning law or created any new issues which needed to be addressed. The ZBA was fully cognizant of the various views about the project and, thus, it did not abuse its discretion in deciding not to hold more hearings on notice regarding the proposed project.

Petitioners' remaining contentions have been considered and found unpersuasive.

Judgment and order affirmed, without costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.