■ In the Matter of McDONALD'S CORPORATION, Appellant, v BOARD OF TRUSTEES, VILLAGE OF ELMSFORD, Respondent. [610 NYS2d 387] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Rosato, J.), entered August 6, 1991 in Westchester County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a special permit.

In this CPLR article 78 proceeding, petitioner challenges respondent's determination denying its application for a special permit to operate a drive-in restaurant within the Village of Elmsford, Westchester County. For the reasons stated in a well-reasoned and comprehensive opinion, Supreme Court granted judgment dismissing the petition. Petitioner now appeals. We conclude that, stripped of its excessive rhetoric, factual misrepresentations and misleading legal analysis, the appeal lacks merit and, accordingly, affirm.

Initially, we reject the contention that, because petitioner has demonstrated compliance with the requirements of Local Law No. III of 1988 (hereinafter the zoning law), it was arbitrary, capricious and unreasonable for respondent to deny the application. The fact is that petitioner's application failed to comply with the zoning law in two critical respects. First, because petitioner's restaurant was to be located only 1,320 feet from an existing Wendy's drive-in restaurant, petitioner violated the requirement that no fast food establishment be located within 2,000 feet of another such establishment. Second, because the expert reports relied upon by petitioner were expressly conditioned upon the presence of a traffic signal at the intersection of State Route 119 and Valley Avenue and there is no indication that the State Department of Transportation gave even preliminary approval for the placement of such a signal, petitioner failed to satisfactorily address the issues of traffic signalization and impact. Neither the record nor established legal principles support petitioner's argument that, by considering the application, respondent waived or was estopped from enforcing the distance limitation (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, 282, appeal dismissed, cert denied 488 US 801).

Also meritless is the contention that the November 5, 1990 public hearing was "illegal". At the conclusion of the Septem-

ber 4, 1990 Village Board meeting, a vote was made to close the public hearing. Respondent did, however, accede to petitioner's request that the record be kept open so that it could make an additional submission. Although petitioner's counsel was present at the November 5, 1990 hearing and was allowed to offer additional evidence on behalf of petitioner, he took the position, now advanced on appeal, that this opportunity was unilateral and that corresponding submissions by respondent's fire chief, police chief and building inspector rendered the hearing illegal. Under the circumstances, and in view of the fact that petitioner had notice of and participated in the November 5, 1990 proceedings, we perceive no prejudicial error (see, Matter of Bien v City of Amsterdam, 126 AD2d 852, appeal dismissed, lv denied 69 NY2d 972; Matter of Gaona v Town of Huntington Zoning Bd. of Appeals, 106 AD2d 638, 640).

Petitioner's additional contentions, including its objection to the asserted delay in the processing of its application, do not warrant discussion. As a final matter, although the appeal is lacking in merit, we do not deem it frivolous within the meaning of 22 NYCRR part 130 and, accordingly, deny respondent's application for sanctions.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.