■ In the Matter of STANLEY WERTHEIMER et al., Appellants, v TOWN OF HUNTINGTON ZONING BOARD OF APPEALS et al., Respondents. [731 NYS2d 80] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Huntington Zoning Board of Appeals, dated June 10, 1999, which, *inter alia,* after a hearing, restored an accessory apartment permit at the subject premises to the respondent

Nancy Ann Anderson, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered October 12, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The uncontroverted evidence adduced at the hearing before the respondent Town of Huntington Zoning Board of Appeals (hereinafter the ZBA) established that the respondent Nancy Ann Anderson satisfied the relevant conditions of her 1997 accessory apartment permit. Specifically, she established that she had secured an underwriter's certificate for certain electrical work, and she persuaded the ZBA that the construction of the required off-street parking area was not subject to the building permit or certificate of occupancy provisions of the Code of the Town of Huntington. Accordingly, the ZBA's determination annulling the revocation and restoring the permit is supported by substantial evidence, had a rational basis, and must be upheld (*see, Matter of David Park Estates v Trotta,* 283 AD2d 429; *Matter of Philipps v Town of Washington Zoning Bd. of Appeals,* 278 AD2d 496; *Matter of Miller v Zoning Bd. of Appeals,* 276 AD2d 633).

The appellants, neighboring property owners, alleged that Anderson's property is in violation of other provisions of the applicable zoning ordinance. Consequently, they charge that the ZBA improperly restored the permit. However, these changes were not involved in the proceeding, and therefore cannot be raised on appeal.

The appellants' challenge to the timeliness of the administrative proceedings before the ZBA is unpreserved for judicial review as it was not raised before the ZBA (*see, Matter of Buffolino v Board of Zoning & Appeals,* 230 AD2d 794; *Matter of Clowry v Town of Pawling,* 202 AD2d 663; *Matter of North Ridge Enters. v Town of Westfield,* 87 AD2d 985, *affd* 57 NY2d 906; *West Side Mtge. Co. v Leo,* 174 NYS 451). Moreover, the record does not clearly establish when Anderson filed her administrative appeal. In any event, given the ZBA's resolution of this matter on the merits, the appellants are not the proper parties to complain that the ZBA entertained the administrative appeal beyond the applicable period of limitations (*see, Matter of Watt v Town of Gaines,* 140 AD2d 947; *Matter of Ferrigan v Thompson,* 135 AD2d 953; *Matter of Cougevan v Martens,* 85 AD2d 890; *Matter of McGregor v Town of Hastings,* 62 AD2d 1178). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.