In the Matter of the Application of THOMAS HACKER and Others, Petitioners, for an Order of Certiorari against the BOARD OF APPEALS OF THE CITY OF BUFFALO, Respondent, and for an Order of Injunction against the BUILDING COMMISSIONER OF THE CITY OF BUFFALO and Others, Respondents.

Fourth Department, March 21, 1928.

**Municipal corporations — zoning ordinances — action of Buffalo board of appeals in granting permit in absence of necessary consents was illegal (Zoning Ordinances, § 28, ¶ 5).**

The board of appeals of the city of Buffalo upon the application of the petitioners caused a public hearing to be noticed for the purpose of determining whether or not the petitioners should be granted a permit to erect a gasoline tank within a residential district. Upon the hearing evidence was taken and the board of appeals granted the permit, but while the board of appeals had original jurisdiction it could not exercise that jurisdiction under paragraph 5 of section 28 of the zoning ordinances unless there were on file consents duly signed and acknowledged by the owners of sixty-five per cent of the property within the specified area. Since such consents were not on file when the action was taken by the board its action was illegal and void.

CERTIORARI granted out of the Supreme Court on the 29th day of November, 1927, directed to the board of appeals of the city of Buffalo, N. Y., commanding them to certify and return to the office of the clerk of the county of Erie all and singular their proceedings had in granting a permit for the erection of a gasoline tank or filling station.

The certiorari order restrained the building commissioner from issuing a permit and restrained the applicants for the permit from taking any steps toward the erection of said gasoline tank or filling station.

*Francis J. Riordan*, for the petitioners.

*Frederic C. Rupp, Corporation Counsel [Charles S. McDonough* of counsel], for the respondents Board of Appeals and the Building Commissioner.

*Kenefick, Cooke, Mitchell & Bass [Daniel J. Kenefick, Jr.*, of counsel], for the respondents Hammersmith.

PER CURIAM. On the 31st day of October, 1927, the petitioners applied to the building commissioner of the city of Buffalo for a permit to place a gasoline tank in the rear of the premises No. 24 Armine place in Buffalo. This was in a residential district. The building commissioner referred the application to the board of appeals. Under the Buffalo Zoning Ordinance a board of appeals

was established and it was given power to hear appeals from decisions of the building commissioner.   And it also has original jurisdiction to grant permits in specific cases after public notice has been given and a hearing had.   (Buffalo Zoning Ordinance, § 28, subd. g.)

On or about November 4, 1927, the board of appeals caused notice of a public hearing in this matter to be held on the 23d day of November, 1927, to be published in the official paper of the city. On November 23, 1927, in pursuance to that notice, a public hearing was had, which was attended by the petitioners and by their counsel. At said hearing counsel for petitioners stated that they had received notice of the hearing, which notice had been served on the previous Sunday; and stated that he did not believe that the notice was worth anything, but he made no motion to dismiss the proceeding because of insufficiency of the notice, and proceeded to take part in the hearing and examined witnesses.   Evidence was taken by the board and it was very conflicting, but on this conflicting evidence the board of appeals granted the permit.   It had jurisdiction in the matter and could grant the permit " provided that when such permit is issued there shall be on file with said Board the consents duly signed and acknowledged of the owners of sixty-five per cent of all the property within such area   *   *   *."

It will thus be seen that if the above conditions had been complied with, the board of appeals had original jurisdiction to grant this permit.   In this case, however, no consents had been made and filed as required by paragraph 5 of subdivision g of section 28 of chapter 70 of the Ordinances of the City of Buffalo, known as the Buffalo Zoning Ordinance.   The permit was granted to put a gasoline tank on the premises in a residential district and the board acted without authority in granting the permit in the absence of the consents required by paragraph 5 of subdivision g of section 28 of the Buffalo Zoning Ordinance, and its action was illegal and void.   Having reached this conclusion, it is unnecessary to discuss the other points raised by the petitioners.

The certiorari order should be sustained and the determination of the board of appeals reversed on the law, with fifty dollars costs and disbursements, and the permit ti granted should be revoked.

All concur.   Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Certiorari order sustained, determination of the board of appeals reversed on the law, and permit revoked, with fifty dollars costs and disbursements.