In the Matter of the Application of MARTIN SANDERS and HEMPSTEAD POST No. 390, AMERICAN LEGION, INC., Petitioners, against JOHN E. DAVIDSON, STEPHEN N. KREISCHER, ARCHIBALD G. PATTERSON, CHARLES R. McLAUGHLIN and EDWARD C. SPRAGUE, Formerly Constituting the Board of Appeals of the Incorporated Village of Hempstead, County of Nassau, State of New York, and HOWARD S. BROWER, GEORGE E. NETTLETON, THOMAS DANGERFIELD, RICHARD POWERS and JOHN GILDERSLEEVE, Now Constituting the Board of Appeals of Said Village, and ARCHIBALD G. PATTERSON, Individually, Respondents.— Determination of the former board of appeals of the Incorporated Village of Hempstead granting respondent Patterson's application for permission to erect a gasoline filling station in a Business B District annulled, and the application denied, without costs. The local ordinance (Village of Hempstead Building Zone Ordinance of 1930, art. VIII, § 801, subd. 16) is valid and imposes upon the board of appeals the duty of stating the extent of the area which would be affected by the erection of a gasoline station. In designating the affected area the board must not act arbitrarily or

unreasonably; and in this case it would seem that the area was not selected with proper care, particularly as to the frontages on Marvin avenue, which seem to be closer to the proposed use than other frontages which were designated as being in the affected area. If the affected area is reasonably designated and the required consents are filed, the board should not grant an application of this type simply because of those facts, but should consider whether the proposed use will be within the spirit of the zoning regulations. There should be such facts before the board as will enable it to make a determination within the intent of the regulations, and it would not seem that a proper determination can be made without at least the examination of proposed plans. No plans were filed with this application, and there is no evidence that the proposed structure would conform to the specifications of sections 803–806 of the ordinance. Under the ordinance it was proper to make the application to the board of appeals in the first instance. Section 179-b of the Village Law authorizes original jurisdiction of matters referred to the board under a local ordinance. It would seem that the intent of section 1002 of the local ordinance is to require the board of appeals in the first instance to hear an application of the kind here presented. While it is true, as has been suggested, that the members of the board might have avoided criticism of their acts by deferring consideration of the application until the newly-constituted board had taken office, we do not find impropriety in the mere fact that the board passed upon the application of one of its members, who did not participate in the determination. Hagarty, Carswell, Adel and Taylor, JJ., concur; Lazansky, P. J., concurs in the result.