In the Matter of the Application of A. RALSTON STALB and Others, Petitioners, against JOHN E. DAVIDSON and Others, Formerly Constituting the Board of Appeals of the Incorporated Village of Hempstead, County of Nassau, State of New York, and HOWARD S. BROWER and Others, Now Constituting the Board of Appeals of Said Village, and ADRIAN H. COURTENAY, JR., Respondents.— Proceeding under article 78 of the Civil Practice Act to review the determination of the former board of appeals of the incorporated village of Hempstead. Determination of such board granting respondent Adrian H. Courtenay, Jr., permission to erect a gasoline filling station in a business B district annulled, and the application denied, without costs. It was the duty of the board of appeals under article VIII, section 801, subdivision 16, of the village of Hempstead building zone ordinance, to determine the extent of the area which would be affected by the erection of a gasoline filling station. In making this determination, the board acts in a quasi-judicial capacity and must not act arbitrarily or unreasonably. The resolution adopted determining the district affected adopted as its base the conclusion that property within 300 feet in a southerly, westerly and easterly direction was affected, excluding property owned by competitors. It seems apparent from this record that the property in a northerly direction was equally affected as that in a southerly direction, but in a northerly direction the property affected was limited to a depth of 100 feet north of Fulton avenue. After the adoption of this resolution the board of appeals, at the request of applicant, excluded

several parcels not contiguous and scattered around in the area determined to be affected because of the difficulty of obtaining consents of the owners of such parcels. Concededly, the necessary consents for these parcels were not obtained. The exclusion of these parcels was arbitrary and unreasonable and beyond the power of the board of appeals. Other objections are present here that were present in *Matter of Sanders* v. *Davidson* (258 App. Div. 1058), and furnish additional reasons why the determination must be annulled. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.