In the Matter of ERNA DOLAT, Petitioner, against ERNEST HACKWITZ et al., Constituting the Board of Appeals of the Incorporated Village of Farmingdale, et al., Respondents.

Supreme Court, Special Term, Nassau County, October 16, 1947.

*Thomas A. Dwyer* and *Ward R. Burns* for petitioner.

*Joseph Stern* for respondents.

COLDEN, J.   Proceeding under article 78 of the Civil Practice Act to review the determination of the village board of appeals of the Village of Farmingdale, Long Island, which denied the petitioner's application for a permit to construct a building on her property to be used " as an automobile sales and service garage and gasoline service station ".

The petitioner is the owner of vacant land located on the north side of Fulton Street at the corner of Doud Street, in the village of Farmingdale.   The north side of Fulton Street at this point is zoned as a business D district; the south side of Fulton Street is zoned as a business DD district.

The board of trustees denied the application on the ground that under the zoning ordinance, it had no power to issue the permit and referred the matter to the board of appeals.   The board of appeals determined that the petitioner was required to file with it the consents of the owners of 80% of the frontage deemed by the board to be immediately affected by the proposed structure.   The petitioner thereafter appeared before the board of appeals and advised it that she would not submit the requested consents on the ground that such requirement was invalid and unconstitutional.   No question was raised as to the reasonableness of the frontage deemed by the board to be affected by the proposed structure.

Upon this proceeding, the petitioner contends that the zoning ordinance in question insofar as it restricts her from using her premises for the purposes indicated by the plans filed, is unconstitutional in that such ordinance in its application to petitioner's premises is discriminatory and an unreasonable restriction on her beneficial use and free enjoyment thereof.   More specifically, she argues in her brief that the effect of the ordinance is to give the owners of adjacent property the right to determine whether or not a gasoline station may be erected within their areas and that there is no standard according to which the discretionary power of the board of appeals can be exercised.   She seeks an order directing the village clerk to issue

a building permit after the plans and specifications therefor have been approved by the village board of trustees.

This court is unable to agree with the petitioner's views. The ordinance in question does not vest the property owners within the affected area with discretion to say yes or no to the petitioner's application; that decision rests solely within the discretion of the board of appeals. Paragraph 12 of section 90 of the zoning ordinance merely provides that a gasoline service station or public garage may be erected or used only " when authorized as a special exception " and that " Before the Board of Appeals shall have power to act, the petitioner must file with said Board the consents, duly acknowledged, of the owners of 80% of the frontage deemed by the Board to be immediately affected by the proposed station or garage ". This does not mean that the board of appeals *must* grant a variance, once the consents of the owners of 80% of the frontage affected by the proposed station or garage have been filed. It merely means that such consents must be filed as a condition precedent to the board of appeals' consideration whether or not to grant or deny a variance. The consents do not determine the issue. They merely place the petitioner in a position to have the board of appeals consider and act upon the application. There is nothing unreasonable about such a preliminary requirement, particularly where, as here, we are dealing with a structure which if permitted, will necessarily involve the storage and use of gasoline and oil — products so highly inflammable and explosive that they increase the danger of fire.

Such requirements have, in the past, been upheld (see *Matter of Sanders* v. *Davidson,* 258 App. Div. 1058, affd. 284 N. Y. 780; *Matter of Stalb* v. *Davidson,* 260 App. Div. 1020) and approved by the textwriters — Zoning, by Edward M. Bassett, page 42 of the 1940 edition, and The Law and Practice of Zoning, by G. Burchard Smith, page 195 of the 1937 edition. Indeed, in *Matter of Hacker* v. *Board of Appeals of Buffalo* (223 App. Div. 196), the Appellate Division, Fourth Department, held that the granting of a permit, for the erection of a gasoline station in a residential district, was illegal and void, where the consents of the owners of property affected thereby were not on file as required by the zoning ordinance of the City of Buffalo.

The decision of the Supreme Court of the United States in *Washington ex rel. Seattle Title Trust Co.* v. *Roberge* (278 U. S. 116), is distinguishable on the facts. First of all, the ordinance there involved delegated the power to make a variance directly to the owners of adjoining land. Here, there is no such delega-

tion — the consents are merely required as a condition precedent to the board of appeals, considering the petitioner's application to vary. The distinction is fundamental. Moreover, that case dealt with an ordinance which embraced regulations concerning the erection of a philanthropic home, whereas the ordinance under consideration involves the erection of a gasoline station where inflammable and explosive products will necessarily be stored. The situation here presented is more nearly like that in *Cusack Co.* v. *City of Chicago* (242 U. S. 526), where an ordinance forbade the erection of billboards in a residential district without the consent of the owners of a majority of the frontage on both sides of the street in the block where the particular billboard was sought to be erected. The court upheld the ordinance as a valid exercise of police power.

The provisions of the ordinance in question meet the requirements of sections 175 and 179–b of the Village Law, inasmuch as sufficient reasonable standards for the exercise of discretion by the board of appeals are provided in the zoning ordinance as a whole and, more particularly, in article XII thereof. It follows that the petitioner is entitled to no relief at this time and her petition is dismissed, without prejudice, however, to conforming to the ordinance in question by filing the necessary consents and if, thereupon, the decision of the board of appeals on her application be adverse, to have the same reviewed, if so advised. Settle order on notice.