■    In the Matter of FRANK S. HUNTER et al., Appellants, against BOARD OF APPEALS OF THE VILLAGE OF SADDLE ROCK et al., Respondents.— In a proceeding to review a determination of the respondents granting an area variance to adjoining property owners, the appeal is (1) from an order dated May 2, 1956 which dismissed the petition and denied appellants' motion to strike out the answer and return as insufficient in law and improper or, in the alternative, to direct a further return on the ground that it was incomplete, inaccurate and incorrect and (2) from so much of an order dated May 4, 1956 as on reargument adhered to the original decision. Order dated May 4, 1956, insofar as appealed from, unanimously affirmed, with $10 costs and disbursements. Appeal from order dated May 2, 1956 dismissed, without costs. Respondents, in their discretion, granted the area variance and this court may not, on the record presented, overrule their determination (*Matter of Village of Bronxville* v. *Francis,* 1 A D 2d 236, affd. 1 N Y 2d 839; *Matter of Burlinson* v. *Zoning Bd. of Appeals,* 275 App. Div. 723). The proceeding was instituted by order to show cause dated April 3, 1956, prior to the effective dates of the 1956 amendments to section 179-b of the Village Law (L. 1956, chs. 329, 913). Section 179-b, as amended by chapter 650 of the Laws of 1927, provided that every order of a board of appeals shall be filed in the office of the board and shall be a public record, and further provided that a proceeding to review a decision of the board may be instituted within 30 days after the filing of the decision

■

in the office of the board. The return of a board may set forth facts known to its members but not otherwise disclosed (*People ex rel. Fordham Manor Reformed Church* v. *Walsh*, 244 N. Y. 280). The return must include definite findings and may not be merely conclusory in form (*Matter of the American Seminary of the Bible* v. *Board of Standards & Appeals*, 280 App. Div. 792) but there is no requirement that the testimony and statements at the hearing held by the board must be recorded verbatim, nor is there a proscription against a return describing the testimony and statements at the hearing in narrative form. The return was not improper because it was certified by the chairman of the respondent board rather than by the village clerk (Village Law, § 179-b [as amd. by L. 1927, ch. 650, L. 1956, chs. 329, 913]; *Matter of City of Albany* [*Assessors of Town of Coeymans*], 253 App. Div. 436; Civ. Prac. Act, §§ 1289–1292; cf. Village Law, § 82). Appellants neither served nor offered to serve a reply, nor did they show that the return was improper or inaccurate in any material matter (see Civ. Prac. Act, §§ 1294, 1295). A village zoning board of appeals may grant a variance in the first instance if the zoning ordinance authorizes such action (*Matter of Sanders* v. *Davidson*, 258 App. Div. 1058, affd. 284 N. Y. 780; see, e.g., *Matter of Hickox* v. *Griffin*, 274 App. Div. 792, revd. on other grounds 298 N. Y. 365; *Roosevelt Field* v. *Town of North Hempstead*, 277 App. Div. 889). We shall assume that the Building Zone Ordinance of the Village of Saddle Rock did not authorize the issuance of a permit or variance by respondents except on an appeal from an order or decision of the building official (but see §§ 114–115 of said ordinance). The application to respondents was made after an application had been made to the village building inspector who informed the applicants that he could not issue a building permit to them without a variance. Section 179-b of the Village Law, as amended by chapter 650 of the Laws of 1927, authorized an appeal to the board from an order, requirement, decision or determination of the administrative official charged with the enforcement of the ordinance. Section 115 of the Building Zone Ordinance provides that the board may hear and "decide appeals from and review any order or decision made by the Building Official as to the application or enforcement of the provisions of this ordinance." In our opinion, when the building inspector unequivocally denied an application for a permit on the ground that the construction would admittedly violate the ordinance, his denial and his statement that a variance was needed before a building permit could be issued constituted a decision contemplated by the statute and ordinance from which an appeal might be taken by an application to the board for a variance (*Matter of Leone* v. *Yates*, 280 App. Div. 823). Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.