Edward G. Baker, J.
Petitioner, under article 78 of the Civil Practice Act, seeks an order in the nature of a writ of mandamus “ directing and commanding respondent to grant him a hearing on his claim.”
*647 Petitioner alleges he sustained personal injuries on December 12,1961 by reason of the negligent operation of one of respondents’ trucks; that he was hospitalized from February 26, 1962 to March 9,1962 and had an open draining wound until March 30, 1962; that by notice dated March 14, 1962 respondent authority set April 4,1962 for an oral examination on the matter, and that at such time petitioner was unable to attend the hearing because of his physical condition. Petitioner’s request for a hearing has been denied by respondents.
The motion must be denied. Under recognized principles of law applicable to mandamus petitioner can succeed only on a demonstration of a clear legal right to compel respondents to perform a duty imposed upon them by law (Matter of Coombs v. Edwards, 280 N. Y. 361, 364; Toscano v. McGoldrick, 300 N. Y. 156, 160; Matter of Pruzan v. Valentine, 282 N. Y. 498, 501). There is no such showing in the instant application.
Under subdivision 3 of section 157 of the Public Housing Law, respondents “ may ” require any person to appear and be examined with respect to his claim. No date to hold a hearing is imposed upon respondents by law. Respondents are entitled to a fair opportunity to decide whether they will adjust or pay a claim or subject themselves to a lawsuit, and to enable them to so decide the law has provided for an examination of a claimant (cf. Tolchinsky v. City of New York, 164 App. Div. 636, 641 where the court construed a similar statute). It may not, however, arbitrarily compel attendance on a day fixed by them and, for failure to appear thereat, foreclose the claimant from proceeding with an action on his claim (cf. Rice, Inc. v. City of New York, 180 Misc. 860). Failure of respondents to avail themselves of their right to examine claimant by reason of their refusal to set a date therefor, where, as here, the claimant has offered to submit to examination, might well be held to be a waiver on the part of respondents (cf. Tolchinsky v. City of New York, supra). It is not disputed that claimant was physically unable to appear on the date set. The only contention made by respondents is a conclusory one by respondents’ attorney, without facts in support thereof, that petitioner’s failure to appear for examination prejudiced respondents. No prejudice is shown nor does the court perceive any. This is not the ease of a late notice of claim whereby respondents might be prejudiced by a delay in receiving-notice thereof and an opportunity for a prompt investigation. Respondents had timely notice and, presumably, made their investigation leaving only an examination of petitioner to assist it in determining whether to make adjustment or payment of the claim or reject it.
*648 Section 157 of the Public Housing Law does not provide when an examination must be had. It does set time limits for the filing of a claim (6 months), for commencing an action (one year after the cause has accrued) and the time within which an authority may determine whether to reject, adjust or pay a claim (30 days). The last limitation is necessary since a plaintiff must allege that 30 days have elapsed since presentment of the claim or demand and that the authority has refused or neglected to make an adjustment or payment thereof.
Petitioner’s time within which to commence his action expires on December 12, 1962 and while the court is loath to imply that respondents refused petitioner’s request for an examination and compelled the bringing on of this motion for the purpose of delay to the possible prejudice of petitioner, nevertheless it may have that effect and, under such circumstances, as previously pointed out herein may be construed as a waiver of respondents’ rights to an examination. The motion is denied.