■ In the Matter of DAMIAN MATOS, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— In a proceeding under article 78 of the CPLR to compel the respondent to hold a hearing on petitioner's claim to recover damages for personal injury, the respondent appeals from a judgment (denominated as an order) of the Supreme Court, Kings County, entered March 13, 1964, which directed such hearing. Judgment reversed on the law, without costs, and proceeding dismissed. Relief in the nature of mandamus may not be granted under the circumstances here presented (*Matter of McSweeney* v. *Reid*, 37 Misc 2d 646). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of HAROLD P. MAYER, Appellant, v. GEORGE F. KUMMERLE, as Commissioner of the Department of Public Safety of the City of Mount Vernon, Respondent.— Two appeals by petitioner (1) from a determination by the Commissioner of Public Safety of the City of Mt. Vernon made December 26, 1963, which dismissed petitioner from that City's Police Department; and (2) from an order of the Supreme Court, Westchester County, entered May 20, 1964, which dismissed his proceeding under article 78 of the CPLR to review the Commissioner's determination. The dismissal was on the ground of lack of jurisdiction. Determination of the Commissioner annulled, without costs proceeding remanded, and a new hearing directed in accordance with the memorandum of this court. Appeal from order of the Supreme Court dismissed as academic, without costs. The Commissioner's determination made no findings on the material issue whether petitioner's conceded ailment was causally related to an accident which had occurred in the course of his work. Absent such findings, intelligent judicial review of the determination is impossible. (See *Matter of New York Water Serv. Corp.* v. *Water Power & Control Comm.*, 283 N. Y. 23; *Matter of Di Orio* v. *Murphy*, 20 A D 2d 754; *Matter of Pasch* v. *Gerosa*, 18 A D 2d 982; *Matter of Jackson* v. *Rohan*, 1 A D 2d 89.) As the Commissioner who made this determination is no longer in office, we are directing a new hearing, instead of merely remanding for the purpose of making appropriate findings. In view of the foregoing, the appeal from the order of Special Term is academic. In any event, petitioner does not, in his brief, urge any grounds for reversal of that order. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.