■ In the Matter of LOUIS M. FRANCESE, Petitioner, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.—Determination of respondent dated July 1, 1976, revoking petitioner's checker's registration effective July 21, 1976 with leave to reapply for registration three months thereafter, unanimously annulled, on the law, and petition unanimously granted, without costs and without disbursements. Petitioner's checker's registration is reinstated. Respondent charged petitioner with acting in concert with others in misappropriation of certain merchandise from a Brooklyn pier, where petitioner was employed as a checker. At the hearing the major witness against petitioner was a truck driver. The witness testified he drove to the pier, intending to pick up merchandise illegally, although he had a legitimate pickup order. He stated that when he arrived at the pier he spoke with petitioner, who told him, "Wait here", and that shortly thereafter another checker (likewise the subject of the charge herein) emerged from the warehouse and loaded the merchandise onto the truck. The witness did not, however, testify whether the subject of the conversation concerned a legal or illegal pickup of merchandise. Although several other witnesses including petitioner and the other checker testified, their testimony did not implicate petitioner in any way. In this article 78 proceeding, the question is

whether the determination as a result of the hearing is, on the entire record, supported by substantial evidence (CPLR 7803, subd 2). "A finding is supported by [substantial] evidence only when * * * from [the evidence] an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient" (*Matter of Chiaino v Lomenzo*, 26 AD2d 469, 473). The sole link between petitioner and the theft is the truck driver's testimony that he talked with petitioner and that petitioner told him to wait. There is nothing in the record to show that petitioner knew the truck driver intended to misappropriate the merchandise rather than take possession thereof pursuant to the legitimate pickup order or that petitioner aided or abetted anyone in the theft. An inference that petitioner acted in concert with others in stealing merchandise is not, on this entire record, reasonable. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Nunez, JJ.