■ In the Matter of GARY FOXLUGER et al., Appellants, v IRENE L. GOSSIN et al., Constituting the Town Board of the Town of Penfield, et al., Respondents.—Case held, decision reserved, and matter remitted to Town Board of Penfield to make appropriate findings in accordance with the following memorandum: In this article 78 proceeding petitioners seek to annul a determination of the Penfield Town Board which granted a permit allowing the use of the Daisy Flour Mill, a designated historic site, as a restaurant. The mill, located on land zoned residential "AA" under the Penfield Zoning Ordinance, was designated a historical site by the Penfield Town Board pursuant to the "Historical Preservation" ordinance of the town (Code of Town of Penfield, ch 14). On April 4, 1977 the ordinance was amended by adding subdivision H of section 14-7 to empower the town board to issue a permit allowing a commercial use in a historically significant single structure provided that the planning board after a public hearing and a historical review board created by the ordinance have made a recommendation to the town board, and that the town board has found that the proposed use: is in harmony with other described code provisions; is not detrimental to adjacent property; does not create a hazard or nuisance; does not interfere with the lawful enjoyment of adjacent property; and does not diminish the historical character of the structure. At its meetings of July 20, 1977 and August 1, 1977, after the required recommendations were made, the town board met to consider the application of the owners of the old mill property for a restaurant permit and approved the issuance of the permit at the August meeting. Petitioners contend, *inter alia,* that the town's action in adopting the resolution was arbitrary and capricious and that the town board made no findings as required by the ordinance. In granting the permit the town board exercised a special power which it possessed under the amendment to the "Historical Preservation" ordinance. The power delegated to the town by the Legislature to protect historical places, buildings and works of art is "in addition to any power or authority *of a municipal corporation to regulate by planning or zoning laws and regulations * * * for the protection * * * and use of places * * * sites, buildings"* (see General Municipal Law, § 96-a). In adopting the amendment to the "Historical Preservation" ordinance, the town board in effect amended the zoning ordinance to permit the commercial use of a historical

site. The zoning ordinance remained intact, but a commercial use, formerly prohibited, was now permitted in a residential district. Any characterization of the application for a permit as an application for a variance, change of zone or special permit is of no moment; the town board is authorized to issue the permit subject only to the conditions of the historical ordinance. The granting of the permit does not effect a zoning change. While the standards described in the historical ordinance may be identical to those articulated in zoning ordinances, this similarity does not make the issuance of the permit a zoning matter (see *Penn Cent. Transp. Co. v City of New York,* 42 NY2d 324). Traditional zoning principles simply do not apply. Only the self-imposed requirements established in the ordinance must be met. The granting of the permit takes the place of zoning approval (cf. *Matter of Zartman v Reisem,* 59 AD2d 237). While the resolution recited that the required recommendations had been made, the board failed to make the specific findings mandated by subdivision H of section 14-7. Even if one assumed that the planning board's findings, detailed in its recommending resolution and recited in the town board's resolution, were incorporated in the town board's resolution and became by implication the findings of the town board, a deficiency still exists. Contrary to the requirements of the "Historical Preservation" ordinance, the planning board neglected to consider the impact the proposed use would have on all adjacent property; it found only that the proposed use was not detrimental to the adjacent public property. Moreover, it made no finding that the proposed use was in harmony with the provisions of chapter 14 of the town code, although the historical review board made this specific finding. The power of the town board may not be delegated to the planning board or to any other board, whose role, in any event, is purely advisory. Furthermore, the findings must be based on evidence in the record. The evidence before the town board at the time it adopted the resolution does not reflect that the minutes of the public hearing held by the planning board were part of the evidence before it. Recitals in a resolution and statements of what was considered are not substitutes for evidence or findings required by the ordinance (see *Matter of Collins v Behan,* 285 NY 187). Petitioners' objections to the town board's procedure in adopting the resolution after considering it at two successive separate meetings are, however, without merit. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.