In the Matter of GARY FOXLUGER et al., Appellants, v IRENE L. GOSSIN et al., Constituting the Town Board of the Town of Penfield, et al., Respondents.—Case held, decision reserved, and matter remitted to town board to make appropriate findings. Memorandum: This is an appeal from an order of Special Term which sustained the action of the Town Board of the Town of Penfield in granting a permit to operate a restaurant in a designated historic site under the town's "Historical Preservation" ordinance. The case is before us for the second time. We previously held the case and remitted the matter because the town board failed to make the specific findings mandated by subdivision H of section 14-7 of the Code of the Town of Penfield. Specifically, it failed to consider the impact the proposed use would have on adjacent property (*Matter of Foxluger v Gossin,* 65 AD2d 922). The facts of this case appear in detail in our prior decision. Following our order entered on November 3, 1978, the town board held further hearings on February 5, 1979 and February 22, 1979 "for the sole and exclusive purpose of considering whether [the restaurant use in question] will or will not be detrimental to adjacent property". On December 27, 1979 the town board specifically found that each of the five criteria under the ordinance was satisfied based on the record of previous hearings held on July 21, 1977 and August 1, 1977 on which its original findings were made. The town board acted arbitrarily by failing to consider the testimony adduced at the additional hearings and in so doing acted without regard to the entire record before it. In reviewing the town board's action the primary question is whether the board acted arbitrarily, illegally, or without jurisdiction (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24; *Hausman v Common Council of City of Syracuse,* 60 AD2d 770, mot for lv to app den 43 NY2d 649). Additionally,

the decision of the town board must be supported by substantial evidence, viewing the record as a whole (Matter of Montauk Improvements v Proccacino, 41 NY2d 913; Hausman v Common Council of City of Syracuse, supra; Matter of Francese v Waterfront Comm. of N. Y. Harbor, 56 AD2d 535, affd 43 NY2d 653). The reviewing court's role is "to ask the board for its reasons, so as to determine whether they were lawful ones or such as reasonable minds could act on" (Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20, 25, supra). In order to permit intelligent review, administrative boards are generally required to make findings (Matter of Montauk Improvements v Proccacino, supra; Matter of Mayer v Kummerle, 24 AD2d 882) and the town board in this case was specifically directed to make findings of fact in support of its decision (Matter of Foxluger v Gossin, 65 AD2d 992, supra). Review is not only based upon these findings, but also limited by them. If the agency's findings are unsupported by substantial evidence, or are otherwise improper, " 'the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis' " (Matter of Montauk Improvements v Proccacino, supra, p 913, citing Securities Comm. v Chenery Co., 332 US 194, 196). In the instant case it appears that the town board's findings were made entirely on the basis of the hearings which antedated this court's order dated November 3, 1978. We conclude that this matter must again be remitted to the town board to make a determination based upon the whole record before it. This court is without power and indeed disinclined to sift through the hearing testimony and make its own findings to support the decision of the town board (Matter of Montauk Improvements v Proccacino, 41 NY2d 913, supra). We point out, however, that the town board did not exceed its jurisdiction in recognizing the potential water supply problem and conditioning its permit on the approval by the town engineer and fire marshal of a proposed water plan. This does not constitute an unlawful delegation of its power (Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead, 43 NY2d 801; cf. Matter of North Shore Steakhouse v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 248). (Resubmission—Appeal from judgment of Monroe Supreme Court—CPLR art 78.) Present—Hancock, Jr., J. P., Schnepp, Callahan and Doerr, JJ.