## First Department, December, 1980

### (December 2, 1980)

■ In the Matter of LEONARD SIANO, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, el al., Respondents.—Decision after "fair hearing" by respondent-respondent State Commissioner of Social Services dated August 30, 1978, affirming a determination of respondent-respondent city commissioner of Social Services, discontinuing petitioner-appellant's grant of home relief, annulled, on the law, without costs and without disbursements, and the matter remanded to the city commissioner for reopened proceedings not inconsistent with what is herein set forth. The ground assigned for withdrawal of assistance from the 66-year-old petitioner was that he had failed, without good cause, to appear for a recertification interview. In April, 1978, petitioner was summoned to such an interview, known in agency shorthand as a "face to face," to be held about seven weeks thence. The notice bore a telephone number he was to call in the event he could not attend. He did not appear at the hearing but telephoned, explaining that the state of his health precluded the use of public transportation, and that he could not obtain private transportation. He was not advised of a rescheduled date nor told of any steps he could take to preserve his rights. Two to three weeks later, he received another communication by which he was notified of intention to discontinue his allowance for failure to appear without a good excuse, and giving him 10 days to respond or suffer a closeout of his case. Meanwhile, he had procured an appropriate medical certificate attesting to his inability to use public transportation. This he mailed in error, not to the office of the agency, but to the Human Resources Agency. The final blow was struck at the fair hearing he had requested to protest his case's termination, the minutes of which read as though written by Kafka. He was told that his allowance was to be discontinued because he had not appeared in response to the first summons. After 10 pages of fruitless discussion of other matters, he was allowed to explain about his phone call on the day set for the interview; there was no record of this, but petitioner added that he had been told to get and submit a letter from his doctor, and which letter he had incorrectly mailed. He produced an authenticated copy of the letter and explained that the address to which he had sent it was that on an envelope he had been given on a prior visit to the agency office handling his case. Finally, the message concerning his health came across, but he was then asked how he had come to the appellate fair hearing. He said that he had come by means of a gypsy cab, which had cost him a "deuce." The hearing

was then closed, and he was told that the disposition would come from Albany. His home relief was then discontinued, the basis for the decision being found in the note attached to the fair hearing questionnaire: "face to face on 6/2/78. Medical statement unable to use public transportation. Took cab to hearing 7/6 & 7/22/78. Not credible. Medical statement is excuse for 6/9/78 but not 6/2/78". The observation is utter nonsense: June 2 was the day on which he had been advised to procure a doctor's letter, which he did not get until June 9. This credibility judgment is founded on nothing that appears in the record. The determination is obviously not based on that substantial evidence required by CPLR 7803 (subd 4). (See *Matter of Francese v Waterfront Comm. of N. Y. Harbor,* 56 AD2d 535, affd 43 NY2d 653.) Petitioner is entitled to a new proceeding at which he will be afforded due process. Concur—Murphy, P. J., Ross, Markewich, Silverman and Lynch, JJ.