■ In the Matter of GARY FOXLUGER et al., Appellants, v IRENE L. GOSSIN et al., Constituting the Town Board of the Town of Penfield, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: This case involves an appeal from a judgment of Special Term which sustained the action of the Town Board of the Town of Penfield in granting a permit to operate a restaurant in a designated historic site under the town's "Historical Preservation" ordinance and is before us for the third time. We first held the case and remitted the matter because the town board failed to make specific findings mandated by subdivision H of section 14-7 of the Code of the Town of Penfield (Matter of Foxluger v Gossin, 65 AD2d 922). The facts of this case appear in detail in that decision. Thereafter we again held the case and remitted the matter because the town board acted without regard to the entire record (Matter of Foxluger v Gossin, 75 AD2d 1014). Before us is a further resolution of the town board dated December 29, 1980 approving the application and making findings of fact. Although petitioners concede that the findings now appear to be procedurally proper, they claim that the record as a whole does not support the issuance of a permit, that applicants failed to sustain their burden of proof and that, consequently, the board's action is arbitrary and capricious. Viewing the record as a whole we conclude that the town board did not act arbitrarily, illegally, or without jurisdiction and that its decision is supported by substantial evidence and must be affirmed (Matter of Foxluger v Gossin, 75 AD2d 1014, supra; see, also, Matter of Stork Rest. v Boland, 282 NY 256, 267). (Appeal from judgment of Monroe Supreme Court, Patlow, J. — resubmission — art 78.) Present — Simons, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.

■ In the Matter of HERMAN PALMER et al., Petitioners, v CHARLES J. HANNIGAN, as a Niagara County Court Judge, Respondent. — Petition unanimously dismissed, without costs. Memorandum: Petitioner, Michael A. Gold, a part-time Assistant County Attorney, in his petition in this CPLR article 78 proceeding seeks to challenge the authority of respondent County Judge to prohibit petitioner from representing Herman Palmer in criminal proceedings in respondent's court. The record conclusively establishes, despite petitioner's assertions to the contrary, that Herman Palmer never authorized petitioner to commence the instant proceeding in his behalf and that Herman Palmer is not a party thereto. It appears that Herman Palmer willingly acceded to respondent's instructions and completely terminated any attorney-client relationship with petitioner and engaged other counsel in the criminal matter. There is no showing that Herman Palmer desired to retain petitioner as counsel after that time. Petitioner Gold, therefore, lacks standing to challenge in his own name any ruling made by respondent in the criminal matter (see Matter of Legal Aid Soc. of Sullivan County v Scheinman, 53 NY2d 12). Inasmuch as any issue pertaining to Palmer's retention of counsel in the criminal matter is moot and since the court will not entertain requests for advisory opinions, there is no justiciable issue in any case or controversy over which the court has jurisdiction (see Matter of Legal Aid Soc. of Sullivan County v Scheinman, supra; Prashker v United States Guar. Co., 1 NY2d 584; 3 Weinstein-Korn-Miller, NY Civ Prac, pars 3001.03, 3001.04, 3001.05). The petition is, therefore, dismissed. (Art 78.) Present — Simons, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.