OPINION of the court
Robert J. Stolarik, J.
This is a CPLR article 78 proceeding which seeks to review the granting of an area variance for a swimming pool by respondent Orangetown Historical Areas Board of Review.
Respondents oppose the application.
Petitioner owns property which is adjacent to that of respondents Kister. In July, 1969 the Town of Orangetown adopted Building Zone Local Law No. 3 (§312, col 8), which provides for a 30-foot side yard in an R-40 zoning district wherein the subject property is located. Pursuant to section 96-a of the General Municipal Law, the Town of Orangetown enacted section 12A-3 of the Code of the Town of Orangetown (Local Laws, 1968, No. 5 of Town of Orangetown, § 3) which provides that any application for a building permit in the “Historic District” must be reviewed *757 and decided upon by the Orangetown Historical Areas Board of Review. (The property which is the subject matter of this proceeding is located within the “Historic District”.) In addition, section 18A-1 and 2 (Local Laws, 1968, No. 4 of Town of Orangetown, § 1) gave the historical review board the power to: “perform all duties and functions delegated to it by the local laws establishing historical areas and, in the same instance, will also perform the functions of the zoning board of appeals presently delegated to the zoning board of appeals from the Orangetown zoning code.” Pursuant to this authority, the Orangetown Historical Areas Review Board granted the area variance which is the subject of the instant proceeding.
Respondents Kister wish to install an in-ground swimming pool within 15 feet of petitioner’s property and sought a side-yard variance from the historic review board without first making application to the zoning board of appeals. On October 6, 1981 a public hearing was held before the historical board and on October 29,1981 the board filed its decision (dated October 6,1981) with the Town Clerk of the Town of Orangetown granting the requested variance. Between the date of the decision and the filing date (more particularly on October 16, 1981) a building permit was issued.
While petitioner alleges that respondents Kister failed to sustain their burden of proving the requisites for the granting of an area variance in that they have failed to establish that there was any “practical difficulty” which would prevent them from complying with the provisions of this zoning board of appeals, they also contend that the historical board of review is without power to grant a variance and it is on this issue that the court shall dispose of the instant proceeding.
The court agrees with petitioner’s contention that the historical board is without power to grant the area variance requested by the respondents. Subdivision 5 of section 267 of the Town Law gives the zoning board of appeals the power to vary or modify the application of any of the provisions or regulations of the zoning ordinances “relating to the use, construction or alteration of buildings or structures, or the use of land” where there are “practical *758 difficulties or unnecessary hardships”. Section 96-a of the General Municipal Law strictly limits the parameters of town regulation insofar as historical districts are concerned. It empowers the town to: “provide by regulations, special conditions and restrictions for the protection, enhancement, perpetuation and use of places, districts, sites, buildings, structures, works of art, and other objects having a special character or special historical or aesthetic interest or value. Such regulations, special conditions and restrictions may include appropriate and reasonable control of the use or appearance of neighboring private property within public view, or both. In any such instance such measures, if adopted in the exercise of the police power, shall be reasonable and appropriate to the purpose”. The first sentence of this statute reads, “In addition to any power or authority of a municipal corporation to regulate by planning or zoning laws and regulations or by local laws and regulations” but it does not give the town any power to impose rules and regulations which are in conflict with or in derogation of the zoning laws. In effect, by enacting section 18A-1 and 2 (Local Laws, 1968, No. 4, of Town of Orangetown, § 1), the Town of Orangetown has attempted to set up another zoning board of appeals, which has the power to sustain application for variances in the first instance, in spite of the fact that it lacks the authority under State law to promulgate such a local law. The statutory grant of authority under section 96-a of the General Municipal Law is restricted to being “concerned with preserving the appearance of existing structures and uses and insuring that new improvements are consistent with the special values and character of the [historical] district.” (Matter of Zartman v Reisem, 59 AD2d 237, 240.) The primary concern of the historical board in this case should have been to determine whether the respondents Kister’s swimming pool, however installed, will “preserve * * * or interfere *** with the preservation of the character and values of the [historical] district”. (Matter of Zartman v Reisem, supra, p 241.) While a town may legally give its historical review board the authority to deny a building permit even where the zoning board of appeals has granted an areas variance, the historical review *759 board’s decision must be restricted to the impact the construction of the pool would have on the historical district. The historical review board is not authorized to conduct area variance hearings, ab initio, employing the criteria contained in subdivision 5 of section 267 of the Town Law. (See Matter of Foxluger v Gossin, 65 AD2d 922, 923.) The respondents do not provide this court with any authority to the contrary.
Respondents Kister should have first made application to the zoning board of appeals for a variance and, upon approval the board of historical review could have reviewed the entire matter for the effect it would have on the historical district utilizing the criteria enumerated in subdivisions A-J of section 12A-3. (Local Laws, 1968, No. 5 of Town of Orangetown, § 3.)
The authority to grant a variance is reserved to a zoning board of appeals (Jaffe v Burns, 64 AD2d 692). Accordingly, the court finds that the portion of chapter 18 A of the Orangetown Town Code which purports to grant the historical review board the initial power to grant a variance is illegal. Since the town lacked the authority to delegate this power to the historical review board, the grant of the variance by the historical review board is void and illegal as is the building permit issued on October 16, 1981.
In addition, the final order of the historic areas board of review dated October 6,1981 (filed with the Town Clerk on October 29, 1981) fails to make findings concerning the effect the proposed pool will have on the historical district from the perspective of the criteria contained in section 96-a of the General Municipal Law and subdivisions A-J of section 12A-3 (Local Laws, 1968, No. 5 of Town of Orange-town, §3; Matter of Foxluger v Gossin, supra). For this reason, also, the historic review board’s order is invalid.
Respondents Kister are correct in stating the general rule regarding the vested rights attendant to the issue of a building permit, i.e., the holder of a building permit obtains a vested interest therein when he has actually performed substantial work in reliance upon a valid permit. (City of Buffalo v Chadeayne, 134 NY 163.) However, where a building permit is issued under a mistake of fact or *760 in violation of law, notwithstanding that the permit holder has made expenditures in reliance upon the permit, no vested right attaches. (Marcus v Village of Mamaroneck, 283 NY 325; Matter of Kaltenbach v Board of Stds. & Appeals of City of N. Y., 274 NY 34; Town of Greenburgh v Buser, 285 App Div 1090, mot for lv to app den 286 App Div 879, app dsmd 309 NY 808; Matter of Ramundo v Murdock, 265 App Div 526, mot for lv to app dsmd 290 NY 863, affd 293 NY 913; Matter of Stalb v Davidson, 260 App Div 1020; Matter of Rosenbush v Keller, 247 App Div 748, affd 271 NY 282; Matter of Colonial Beacon Oil Co. v Finn, 245 App Div 459, affd 270 NY 591; Rollins v Armstrong, 226 App Div 752, affd 251 NY 349.)
Accordingly, the court invalidates the granting of the variance by the Orangetown Historical Areas Review Board and the building permit issued by the building inspector. If so advised, respondents Kister must first seek the side-yard variance from the zoning board of appeals following which application should be made to the Orange-town Historical Areas Review Board prior to the issue of a building permit.