(October 31, 1988)

■ ACADEMY MEWS, INC., Respondent, v JOHN V. KANE, III,

et al., Constituting the Historic District and Landmarks Preservation Commission of the City of Poughkeepsie, Appellants. —In a proceeding pursuant to CPLR article 78 to review a determination of the Historic District and Landmarks Preservation Commission of the City of Poughkeepsie (hereinafter the commission) dated February 12, 1987, which denied the petitioner's application for preliminary site plan approval of an 18-unit townhouse project, the members of the commission appeal, by permission, from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered August 5, 1987, which denied their motion to dismiss the proceeding on the ground that petitioner failed to exhaust its administrative remedies.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner is the owner of a vacant parcel of property in the City of Poughkeepsie and it sought to construct 18 townhouse units thereon. The number of townhouse units complied with the applicable density requirements of the City of Poughkeepsie Zoning Ordinance. The petitioner's proposal was submitted for review to the commission since the subject parcel was located within the boundaries of a historic district. Pursuant to a determination dated February 12, 1987, the commission voted to reject the petitioner's application. The instant proceeding was then commenced by the petitioner against the members of the commission on the ground that their determination was "arbitrary and capricious" and "not supported by substantial evidence".

In response to the petition, the members of the commission moved to dismiss the proceeding on the ground that the petitioner had "not exhausted its available administrative remedy", i.e., the petitioner had not taken an administrative appeal to the City of Poughkeepsie's Zoning Board of Appeals. The Supreme Court, Dutchess County, denied the motion. We agree with the Supreme Court's determination.

It is well settled that a proceeding pursuant to CPLR article 78 is the appropriate vehicle to challenge a determination of a landmark preservation commission such as the one at bar (*Matter of Zartman v Reisem,* 59 AD2d 237). As Justice, now Judge, Simons of the Court of Appeals stated in *Matter of Zartman v Reisem (supra,* at 239-241):

"The purpose of the Preservation Board is not a zoning purpose to protect the public health, safety and welfare generally (see *Penn Cent. Transp. Co. v City of New York,* 42 NY2d 324, 330; 1 Anderson, New York Zoning Law and Practice,

§ 8.47; 1 Rathkopf, The Law of Zoning and Planning, §§ 15.01, 15.02; Wilson and Winkler, The Response of State Legislation to Historic Preservation, 36 Law & Contemp Problems 329, 337-339). The zoning district and the permitted zoning uses have already been established by ordinance and must be met before the Preservation Board comes into the picture. But once it is established that the contemplated use is lawful under the zoning ordinances, then if the property is in a preservation district, the Preservation Board must review the application and determine whether the proposed improvement is consistent with the purpose of the Preservation Ordinance to 'preserve the integrity of areas and structures which have been determined to merit special protection' by prior designation of the City Council * * * The power of the board is in a sense superficial. It must be concerned with preserving the appearance of existing structures and uses and insuring that new improvements are consistent with the special values and character of the district.

"Contrary to respondents' contention, the board is charged with the responsibility of denying a certificate of appropriateness in the reasonable exercise of its powers if the proposed use or improvement fails to meet the standards of the preservation law, permitted uses of the zoning laws, notwithstanding. Indeed, the Preservation Board would never be called upon to review an application unless the proposed use was lawful * * *

"The property is subject not only to the zoning ordinances but also to the additional requirement of this special type of approval because the Common Council has, by prior legislation, placed it in a preservation district. The case is not unlike the power of municipal bodies to deny a special permit to a legislatively authorized use which is subject to the additional requirement of a special permit (cf. *Gordon v Plonski*, 11 AD2d 693, revd on other grounds 9 NY2d 886). The local legislature having the power to prohibit specific uses in residential districts altogether may lawfully require that those permitted uses be subject to the additional requirement of a special permit, or of Preservation Board approval in preservation districts, as the case may be.

"The decision of the Preservation Board involves judgment and expertise and its determination of what changes may or may not be undertaken in protected districts is to be judged by familiar standards of reasonableness. What might be an appropriate improvement in one preservation district may be wholly inappropriate in another. If the board's decision, based

upon sufficient evidence, is consistent with the values which the municipality sought to preserve in the special district involved, the board's action is not arbitrary or capricious. The governing consideration is not whether the improvement is beautiful, or tasteful, or even whether it promotes noise or quiet, but rather whether it preserves or interferes with the preservation of the character and values of the district in which it is located".

Finally, a review of the relevant enabling statutes *(see,* General City Law § 81 [1]; § 20 [24], [25]; General Municipal Law § 96-a, formerly General City Law § 20 [25-a]), indicates that the City of Poughkeepsie's Zoning Board of Appeals has no authority to hear and decide appeals from determinations of the commission *(cf., Burdick v Bryant,* 111 Misc 2d 756).

Accordingly, the motion of the members of the commission to dismiss the instant proceeding on the ground that the petitioner had not taken an administrative appeal to the City of Poughkeepsie's Zoning Board of Appeals was properly denied. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.